Note. See Minor's Ala. Rep. 138, 259.

---

The Governor v. Gantt et al.

1. Actions against sheriffs on their bonds, for failing to administer properly estates committed to them in virtue of their office, must be brought in the name of the Judge of the County Court, for the use of the party injured.
2. The declaration in such actions must shew for whose benefit the suit is brought, else it is demurrable.
3. Sheriffs in such cases are liable on their sheriff bonds, in the same manner as other administrators are on their administration bonds.

An action of debt was brought in September, 1826, in the name of John Murphy, Governor of the State, against T. C. H. Gantt, John May, Pleasant May and James May, in the Circuit Court of Greene county, on a sheriff's bond made by Gantt as principal, and the other defendants as his securities in office ; to recover the amount of the estate of Anthony Parks, deceased, which it was said Gantt had received and failed to pay over according to law. The plaintiff declared against the securities in two counts, discontinuing the action as to Gantt, who was returned "not found."

The first count was on the penalty of the bond, which was in $10,000, and did not set forth the condition. In the second count, the condition was shewn, which was, that Gantt should "well, truly and honestly discharge the duties of the office of sheriff of Greene county," and it was averred as a breach of the condition, that he being sheriff, &c. was as such, on the —— day of ————, by an order of the Orphans' Court of said county, in virtue of his office of sheriff, appointed administrator of the estate of A. Parks, deceased ; that he as such, possessed himself of

said estate, and returned his general inventory of the effects, of the value of $1000; that said effects were by him sold, and the proceeds, amounting to $1000, applied to his own use. And it was averred as a second breach, that the term of service of said Gantt expired, and that one Philip F. Beazley was elected and qualified as sheriff, and proceeded to act as such; whereby said Gantt became liable to pay over to him said sum of $1000, the proceeds of said estate, received by him as administrator; but that he failed to do so, although often requested, and in fact applied the proceeds to his own use, &c. The defendants craved oyer of the bond and of the condition, and demurred. The Circuit Court, at February term, 1827, gave judgement for the defendants on the demurrer.

The plaintiff brought the cause into this Court, and assigns here two errors. 1st. The general error that judgement should have been rendered for the plaintiff; and 2d. That the Court should have given an interlocutory judgement, and awarded a writ of inquiry against the defendants on the second count, and should not have rendered a general judgement for the defendants.

VAN DE GRAFF, for the plaintiff.

From the Digest of the Laws of Alabama, pages 195, 196, 197, Sec. 13 and 17, compared with page 332, it is apparent that the bond may be put in suit as soon as it is forfeited.

PARSONS, contra.

The suit ought to be in the name of the Judge of the County Court; and it can be sustained only after the sheriff as successor, has sued and recovered in assumpsit for money had and received, such amount as was not paid over.

The party injured must first sue and recover against the administrator his debt, before the administrator is liable on his bond; and the sureties are not liable on the bond of their principal, until the creditor has ascertained his debt by a recovery of it against the principal, and estopped him by judgement from denying it; otherwise questions of devastavit would be tried by securities. who knew nothing of the matter, and the question of debt or no debt would be tried in this collateral issue.

The party claiming as creditor of the estate must, in shewing the breach of condition of the bond, shew by averment, assetts, and a recovery and nonpayment, or

JANUARY 1828.

The Governor
v.
Gantt et al.

there is not a breach in law of the bond, and this is not done here. [a]

JUDGE TAYLOR delivered the opinion of the Court.

By the seventeenth section of an act passed 14th of June, 1821, entitled "an act to repeal in part and amend an act entitled an act to regulate the proceedings in the courts of law and equity in this State," it is provided, "that where no one shall have been admitted and qualified as executor, executrix, administrator, or administratrix, within three months after the death of the deceased, or where the executorship or administration shall have become vacant by death, resignation or removal, the Judge having jurisdiction of the case, may commit the administration to the sheriff or coroner of the county, and (unless the Judge shall otherwise order) no other oath, bond or security, shall be necessary to be given than the bond and oath of office already taken and given by such sheriff, &c. but on his bond for the performance of the duties of his office, he and his securities shall be liable for his administration, and such bond may be sued, and judgement from time to time recovered thereon in the same manner as is or may be provided by law, in case of other bond of executors, administrators and guardians." In page 205 of the Digest, section 16, it is provided that the above recited section shall be so construed as to attach the said administration to the offices of sheriff or coroner, and not to the person. By the last paragraph of section 13, page 196 of the Digest, it is declared that " such bond (of executor or administrator) shall not become void on the first recovery, and may be put in suit and prosecuted from time to time against all or any one or more of the obligors, *in the name and at the costs of any person or persons injured by a breach thereof,* until," &c.

The object of the last provision is obviously to make the person for whose benefit a suit may be instituted, responsible for the costs, and it is believed to be error if the statute is not complied with so as to secure the Judge of the County Court from any responsibility for the costs incurred in such action. Were a different construction to prevail, malicious and evil disposed persons might with impunity harrass executors and administrators with endless law suits, and be themselves safe from any injury resulting from defeat. It is the opinion of the Court, that the declaration should shew for whose benefit the

suit is instituted, and that the action should be brought in the name of the Judge of the County Court, for the use of such person; and unless this appears in the declaration, the defendant may well demur.

The question recurs, are sheriffs who may be appointed administrators by virtue of their office, to be sued in the same way? We have seen by the statute, that the "bonds may be sued, and judgement from time to time recovered thereon, in the same manner as is or may be provided by law, in case of other bonds of executors, administrators and guardians." The very terms of this act places them on the same footing that other administrators stand on, and all the reasons which apply in the one case apply also in the other. It is contended however, that the first count in the declaration is merely on the obligation, that there is nothing in that count to shew in what character the defendants are sued; that although oyer is craved by the defendants, neither the bond nor condition is set out; therefore it was error to sustain the demurrer to that count.

Upon an examination of that count, it appears that in the description of the bond, there is an omission to state the sum for which it was given. This renders it necessary to resort either to the second count or endorsement in the writ for something to amend by, and in doing so, we cannot overlook the character in which the defendants are sued, which is stated in both.

No opinion is given upon the other points made in this case. The judgement is affirmed.

Judge GAYLE not sitting.