GAYLE and HUESTIS, adm'rs VS AGEE.

*As to actions surviving against defendant, where a co-
    defendant dies.*
*As to discontinuance.*

1. Where a suit is commenced against two, upon a pro-
    missory note, and one of the defendants dies, the action
    should be prosecuted against the survivor.
2. In such case, it is error to revive the suit against the repre-
    sentatives of the deceased party, and to proceed to judgment
    against them.
3. Where suit is thus commenced against two, and upon the
    death of one it is prosecuted against his representatives,
    without noticing the survivor--a discontinuance as against the
    latter ensues.

Error to the Circuit Court of Wilcox county.

Joseph Agee, the executor of Noah Agee, com-
menced an action of assumpsit against John Gayle,
and Matthew Gayle, to October term, eighteen hun-
dred and twenty-seven.

The cause of action was a joint and several note,
signed by J. Q. Guild, Matthew Gayle, jr. and John
Gayle.

At Fall term, eighteen hundred and twenty-eight,
the death of John Gayle was suggested, and a *scire
facias* awarded to Matthew Gayle and J. W. Hues-
tis, his representatives. These administrators hav-
ing appeared and been made parties, the case was
continued down to Spring term, eighteen hundred
and thirty-one, when judgment was rendered by de-

fault, against Matthew Gayle and Heustis, the administrators of John Gayle.

*Gayle & Vandegraaffe*, for the plaintiff in error.

HOPKINS, C. J.—This was an action of assumpsit upon a note, for the payment of money.

The writ was executed upon Matthew Gayle and John Gayle, two of the makers of the note. The death of John Gayle was afterwards suggested, and his administrators, Matthew Gayle and Jabez W. Huestis were made parties to the suit, by *scire facias*. The judgment was rendered against the administrators.

There is no declaration in the case, and for the want of one, the judgment would be reversed.

As the cause of action survived against Matthew Gayle, the action ought to have been conducted against him alone, after the death of the other defendant. It was error, to make the administrators of *Aik. Dig. John Gayle, parties to the suit.*
259, §4.

As no step was taken against the surviving defendant, after the death of Gayle was suggested, and the suit was conducted afterwards against his administrators, the action was discontinued against the surviving defendant.

The judgment is reversed.

GOLDTHWAITE, J., not sitting.