## THE GOVERNOR, use, &c. v. DAVIS & ROBINSON.

1. In a suit upon an official bond, the name of the nominal plaintiff is form, and not substance, and therefore a mistake in that respect, is not reached by a general demurrer, and is amended after judgment by other parts of the record.

Writ of Error to the Circuit Court of Monroe.

Debt, on the official bond of E. T. Broughton, against his sureties, by the Governor, for the use of the administrator, *de bonis non*, of W. T. Coolidge. The declaration alledges, the execution of the bond, &c, the appointment of Broughton, administrator; that he wasted the estate, and that the administrator *de bonis non* had recovered a judgment against him, which has been returned, no property found. The estate had been declared insolvent. The defendants demurred to the declaration, and the court sustained it, and rendered judgment for the defendants, which is now assigned as error.

Leslie, for the plaintiff in error, relied on the act of 1837, Clay's Dig. 326, § 76.

No counsel appeared on the other side.

ORMOND, J.—The case cited from 1 Stewart, 388, certainly determines, that this suit should have been brought in the name of the Judge of the County Court, instead of the

The Governor, &c. v. Davis & Robinson.

Governor; but we are clear in the opinion, that the construction there put upon the statute is incorrect. The whole purpose of the Legislature, in the act referred to, [Clay's Digest, 222, § 10,] was to place the sheriff, when he became *ex officio*, an administrator, upon the same footing with other administrators ; and to make his official bond as sheriff, stand as a security for his acts as administrator, as well as sheriff, and this bond being executed to the Governor, should be put in suit in his name, for the use of the person injured.

When such a bond is put in suit, the real plaintiff on the record, is the person for whose use the suit is brought, who is alone responsible for the costs. The Governor, or Judge of the County, is a formal party, whose name is stated as the authority of the true plaintiff upon the record, for bringing the action. A mistake in this matter, cannot possibly mislead, or prejudice the defendant ; it is therefore matter of form, and not substance, which cannot be reached by a general demurrer, and which is amended by other parts of the record.

In Bagby, Gov. v. Chandler, 8 Ala. 233, we held, that the action was well brought in the name of the obligee, though he was not in fact the executive officer of the State, when the suit was brought; and many other analogous decisions have been made by us, all tending to establish, in such cases as the present, that the mention of the name of the obligee, is matter of form, and not substance. From this view, it results, that the demurrer to the declaration should not have been sustained for this cause, and no other defect has been brought to our notice.

Let the judgment be reversed, and the cause remanded.