## BEAN v. PEARSALL.

1. A witness who has a certain, direct, and immediate interest, in the event of a suit, cannot be examined as a witness, though the record itself of the suit, would not be evidence either for, or against him.
2. An agent, is an exception to the general rule, and may testify, though he has an interest in the event of the suit.

Error to the Circuit Court of Franklin.

Assumpsit by the defendant in error. Upon the trial, the plaintiff introduced the deposition of John T. Abernathy, by which he proved, that he paid a sum of money over to the defendant, for the plaintiff, and on his account, which money was in the hands of Kirkman, Abernathy & Hanna, belonging to the plaintiff. In answer to the question, whether he was not interested in the event of the suit, he says, I am not, unless the fact of my being partner in the house of Kirkman, Abernathy & Hanna, might make me so, if they are liable to Pearsall, in the event he fails in this suit. This depo-

sition was objected to, on the ground the witness was interested in the event of the suit. The court admitted the deposition, and the defendant excepted, which is the matter now assigned as error.

J. A. NOOE, for the plaintiff in error, cited Maury's adm'r v. Mason, 8 Porter, 232; Buckland v. Tankard, 5 Term, 578; North v. Hicks, 1 Cow. 533; Ransom v. Keyes, 9 Id. 128; 18 Wend. 494; 2 Pick. 240.

W. COOPER, contra, contended that the testimony was properly received, and cited 1 Greenleaf's Ev. 416, and cases there cited.

ORMOND, J.—A witness cannot be permitted to testify, when the record of the suit, in which he is offered, would be evidence either for, or against him, and in this case it is clear, that if a suit should be hereafter brought against Abernathy, or the firm of which he is a member, by Pearsall, the judgment in this case would not be evidence. But although this question, when it can be answered in the affirmative, affords a perfect test of the incompetency of the witness, it does not follow that he is competent in all cases, where the record would not be evidence, for or against him. He may still have a certain, direct, and immediate interest, in the event of the suit, as he must have in all cases, where he is offered for the plaintiff, and by enabling the plaintiff to recover, prevents a suit from being brought against himself.

Thus in this case, the firm of which the witness is a member, having on hand a sum of money belonging to the plaintiff, is directed to pay it over to the defendant. Now, it is manifest, that if the money was not paid over, the firm is still liable to the plaintiff, and yet this is the very fact the witness is called on to prove, and by establishing the delivery to the defendant, and enabling the plaintiff to recover of him, may thus prevent a suit against themselves. Upon general principles, therefore, it would seem clear, that the witness was incompetent from interest, to testify in behalf of the plaintiff.

But an exception to the general rule, is well settled in favor of an agent, who may not only prove the fact of agency, but his acts as such. The case of O'Brien v. Lou. State Bank, 5 Mart. N. S. 305, is a strong case of this kind, where the teller of a bank, was held a competent witness for the bank, to recover money overpaid on a check. So, also, in the case of a cashier, (Ib. 310); yet in both these cases, it is evident the bank officers were responsible to the bank. In Martineau v. Woodland, 2 Car. & Payne, 65, the agent of the defendant, was held to be a competent witness for the plaintiff, though he had accepted a bill for the money in question; and see Greenleaf on Evidence, 416, and the authorities cited. This exception in favor of agents, rests upon the necessity of the case, from the inabilty in most cases of establishing the facts, if the agent is excluded. He is therefore a competent witness, though he has an interest in fixing a liability upon the party against whom he is called to testify, and the objection that he has such a bias, will go to his credibility, and not to his competency.

Judgment affirmed.