THE GOVERNOR, use &c. *vs.* GEE *et als.*

1. An agent is a competent witness for his principal to prove that he has paid over money left with him by his principal for that purpose.
2. A person whose interest in the event of a suit is precisely balanced is a competent witness.

ERROR to the Circuit Court of Montgomery.    Tried before the Hon. Thos. A. Walker.

A MOTION was made by the Attorney General, in the name of the Governor for the use of the State, against Gee, as the tax-collector of Sumter county, and his sureties, for a failure to pay over moneys in his hands.    The defendant introduced J. C. Van-dyke, as a witness, who testified that the defendant had paid the money over to him, that he had received it as Comptroller of the State, and had deposited it in the Bank at Tuskaloosa.    The plaintiff objected to this witness on the ground of interest, but the court overruled the objection.    This is the error assigned.

THE ATTORNEY GENERAL, for plaintiff in error.

HUNTINGTON, *contra.*

DARGAN, C. J.—In the case of Bean v. Pearsal, 12 Ala. 592, the plaintiff offered his agent to prove that he had paid over to the defendant a sum of money, which the plaintiff had left with the agent for that purpose.    This court held that the testimony of the agent was admissible, on the ground of necessity, and that case is well sustained by the authorities on which it rests.    In the case before us, the defendant offered his agent to prove that he had paid over to the plaintiff the money left by the defendant with him for that purpose.    The same question, in principle, is presented in this case that arose in the case of Bean and Pearsal, and on the authority of that case, the judgment in this must be affirmed.    But independent of the grounds of agency and necessity, I am clearly of the opinion that the witness, Vandyke, had not such an interest in this suit as would disqualify him from testifying.    For if he had not paid over the money, the State could recover it of him, although it failed in

this suit; or if the judgment had been in favor of the State, and the defendant thereby been compelled to pay, he could recover of his agent upon proof of his failure to pay the money that had been deposited with him for that purpose. The interest of the witness, in my opinion, was precisely balanced, and on that ground he was competent to testify. There is no error in the judgment, and it must be affirmed.