## OTIS & JAYNE *vs.* THOM.

23   469
136   285

1. In an action against the owners of a steamboat to recover damages for the loss of a stage, occasioned by a collision between the steamboat and a ferry flat on board of which the stage was, evidence that the ferryman of the flat was expert and careful is irrelevant to the issue, and therefore inadmissible for the plaintiff.

2. In such action, the statement of a witness who saw the collision, "that he thought, had the steamboat returned to the assistance of the flat when the call for assistance was made, the stage could have been saved," is mere matter of opinion, and therefore inadmissible.

3. A witness who saw the collision testified that, after the steamboat struck the flat, she stopped her engine, and when about fifty yards from the flat she was called upon by those on board of the latter to come to their assistance; whereupon, some one on board the steamboat was heard to say, in a loud and commanding tone, " Go ahead, and let her sink; it's nothing but a damned flat-boat, any how"; and the steamboat then went on, without rendering any assistance to the flat : *Held,* that the words stated as being used on board of the boat were admissible evidence for plaintiff.

4. In an action against the owners of a steamboat to recover damages for the loss of a stage, occasioned by a collision between the steamboat and a ferry flat on board of which the stage was, the stage-driver, under whose care and control the stage was at the time, is an incompetent witness for the plaintiff, without a release.

ERROR to the Circuit Court of Mobile.

Tried before the Hon. LYMAN GIBBONS.

THIS action was brought by Reuben Thom, the defendant in error, against the owners of the steamboat Lowndes, who are the plaintiffs in error, to recover damages for the loss of a stage, occasioned by a collision between the steamboat and the ferry flat on board of which the stage was.

On the trial, a witness for the plaintiff stated, that he had known the ferryman of the flat for fifteen years, and that he believed him to be an expert and careful ferryman. The defendants objected to this evidence, on the ground that it was matter of opinion only, and because it was irrelevant ; but the court overruled both of the objections, and defendants excepted.

The same witness also testified, that, after the collision, the

steamboat stopped her engine, and when about fifty yards from the flat she was called on, by those on board of the flat, to come to their assistance; that upon this call being made, some one on board of the steamboat was heard to say, in a loud and commanding tone, "Go ahead, and let her sink; it's nothing but a damned flat-boat, any how"; and that the steamboat then went on, without rendering any assistance to the flat. The words above stated, as being heard used by some one on the boat, were objected to by defendants; but their objection was overruled, and they excepted.

The same witness, after stating the circumstances under which the collision took place, also stated, that he thought, if the steamboat had returned to the flat when the call for assistance was made, the stage might have been saved. This evidence also was objected to by the defendants; their objection was overruled, and they excepted.

The plaintiff also introduced a witness, who stated, on his *voir dire*, that he was in the employment of the plaintiff, at the time and place of the collision, as the driver of the stage, and as such had the control and management of it; that the plaintiff was not present at the collision; that, before putting the stage on the flat, he asked the ferryman, who was a negro, whether it would not be better to wait until the steamboat, which was then heard approaching from below, had passed; to which the ferryman replied, that the boat had rung her bell to stop at the lower landing, and that they would have time to get across before she came up; that thereupon the stage was put on the flat by witness, and the ferryman started at once across the river. The defendants then objected to the competency of this witness, on the ground of interest; but their objection was overruled, and they excepted.

These several rulings of the court upon the evidence are here assigned for error.

JOHN T. TAYLOR, for plaintiffs in error:

1. The opinion of witnesses ought not to have been given to the jury as evidence.—4 Ala. 46; 10 *ib.* 461.

2. The witnesses were permitted to state to the jury, that, after the collision had taken place, some one on board of the boat was heard to say, "Go ahead, and let her sink; it's noth-

ing but a damned old flat-boat, any how." There was not a particle of evidence going to show that this expression was used by any one in authority on board of the boat; there is much more probability that it was used by a negro, or an intoxicated passenger.

3. The witness Sanders was clearly incompetent, on the ground of interest.—1 Green. Ev. §§ 394, 396, 564 ; 1 McL. R. 540, note.

Wm. G. Jones, *contra :*

1. The general rule, that a witness must testify to facts, and not merely to his belief or opinion, is not disputed. But to this rule there are many necessary and well established exceptions ; and it is often difficult to say what is fact, and what is opinion or belief. Thus, testimony as to handwriting, as to personal identity, as to the value of property, and various other matters, must, from the nature of the case, be matter of opinion to a greater or less extent ; so, too, all testimony as to character, or skilfulness, must, from the nature of the case, be more or less matter of opinion. In all such cases, such evidence is admissible.—1 Green. Ev. § § 488, 490 ; 1 Phil. Ev. 227 ; 2 Stark. Ev. 368. In this case, the character of the ferryman for carefulness, experience and skill, was obviously material ; and the witnesses who had known and observed his acts as ferryman for years, were competent to prove it. That was their evidence, and nothing more. The court should not (especially as the depositions were taken on notice, and not objected to,) seize on the expression "I believe," to prevent the true import and effect of the evidence.—See, especially the case of The Commonwealth v. Thompson, 3 Dana 301, where, in a question of solvency, the expression "I considered him good," was held unobjectionable; see also Gentry v. McMinnis, 3 Dana 383 ; McKee v, Nelson, 4 Cowen 355 ; 16 Ala. 778.

2. The witnesses here state the facts and reasons of their opinion or belief; and in cases where the main fact to be proved, is a deduction from other facts observed, this seems allowable.— See cases before cited.

3. For the same reasons, the statement of the witness, that the steamer could have saved the flat from sinking after the collision, was properly admitted. It was not mere opinion; he

was an eye witness of the occurrence, and details the facts.

4. The witness Sanders was clearly competent. He was but the agent of Thom; and the general rule is, that an agent is competent to testify for his principal. There is no showing of any liability on his part, or negligence. The verdict and judgment in this case could be no evidence for or against him.

GODTHWAITE, J.—It may be doubtful whether the objection to that portion of the testimony of the witness which gave his opinion as to the ferryman of the flat being expert and careful can be sustained, on the ground that such evidence was matter of opinion merely. It is, however, unnecessary to decide this question, as the record shows that it was also objected to on the ground of irrelevancy, and on this ground the objection should have been sustained. The only issue involved was, whether the collision took place through the fault of the steamboat. If this was established, the owners were responsible; and the fact as to whether the ferryman was expert and careful, could not, of itself, have created any legitimate inference against the boat, and was for that reason foreign to the issue.

We think, also, that the court erred in admitting the statement of the witnesses, " that they thought, had the steamboat returned to the assistance of the flat when the call for assistance was made, the stage could have been saved." This was mere matter of opinion, and given by the witnesses as such, upon the facts which were stated by them. There was nothing to take it out of the general rule in relation to this kind of testimony, and the objection to it should have been sustained.

The words which were detailed by the witness as having been heard on board of the steamboat, taken in connection with the manner in which they were spoken, the fact that the engine had stopped immediately after the collision, and the fact that the boat went on as soon as the words were spoken, might well authorize the jury to infer that an order was given to the effect which was indicated by the words themselves; and in that aspect, they might be received to show that the steamboat, after being apprized of the collision, went on, without any effort to render assistance, which is always regarded in the courts of admiralty as a suspicious circumstance.—Angell on Carriers § 671; The Celt, 3 Hagg. Ec. R. 321.

The only remaining question is, as to the competency of the witness Sanders. The action, it is to be remembered, was brought to recover for the loss of the stage while it was under the care and custody of this witness. If a verdict should be had by the plaintiff in the present action, the witness is placed in a state of security against any action which the plaintiff might otherwise bring against him, and for that reason is held incompetent in cases like this, without a release.—1 Green. Ev. § 396, and cases there cited.

The judgment is reversed, and the cause remanded.

GIBBONS, J., not sitting.