HARRIS *vs.* PLANT & CO.

31  639
94  162
31  639
117  579

[ACTION ON FERRY BOND.]

1. *Who is proper party plaintiff.*—An action cannot be brought on a ferry bond in the name of the party injured ; such bond not being within the provisions of section 2154 of the Code.

2. *Amendment of complaint by change of parties.*—When an action on a penal bond is improperly brought in the name of the person injured, the complaint may be amended, (Code, § 2403,) by inserting the name of the probate judge as nominal plaintiff, suing for the use of the party injured.

3. *Sufficiency of complaint against administratrix.*—Where the complaint, in the marginal statement of the parties, describes the defendant as administratrix; and the cause of action declared on is the breach of a penal bond executed by the intestate in his lifetime,—it sufficiently appears that the defendant is sued in her representative character, and not as an individual.

4. *Misjoinder of defendants not available on error.*—A misjoinder of defendants is not available on error, when the complaint shows a substantial cause of action against both defendants, and the question of misjoinder was not raised in the primary court.

5. *Admissibility of verdict and judgment as evidence for or against third person.*—A verdict and judgment are not admissible evidence for a third person in another suit, within the meaning of section 2302 of the Code, unless they would be admissible against him if they had been in favor of the other party.

6. *Competency of agent as witness for principal.*—In an action against the owner of a ferry, to recover damages for the loss of a wagon and horses destroyed in crossing, the plaintiff's agent, who had charge of the wagon and horses at the time of the loss, is, under section 2302 of the Code, a competent witness for his principal. (Overruling *Steamboat Farmer v. McCraw*, 26 Ala. 189.)

7. *Competency of lessee as witness for lessor.*—The lessee of a ferry, who has charge of it under his lease when a loss occurs, is not, under section 2302 of the Code, a competent witness for his lessor, when the latter is sued for damages.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by George F. Plant & Co., as partners, against Mary M. Harris, as administratrix of Hartwell S. Harris, deceased, and Elijah Rigby; and was founded on a penal bond, executed by said Hartwell Harris on the 1st January, 1850, with said Rigby as his surety, the condition of which was in these words: "Whereas the above bound Hartwell S. Harris is keeper

of the public ferry across the Alabama river below the mouth of Bogue Chitto, being the same ferry established by Rufus W. Greening and John Davis : Now, if the said Harris shall constantly provide and keep the banks on each side of the river in good repair, keep good and sufficient boat or boats, and have the ferry well attended for travelers and other persons wanting to cross, then the above obligation to be void," &c.

In the marginal statement of the parties, in the original complaint, the defendants were thus described : " Mary M. Harris, administratrix of all and singular the goods and chattels, rights and credits, which were of Hartwell S. Harris, deceased, at the time of his death, and Elijah Rigby, defendants ; " and the complaint itself was in these words : " The plaintiffs claim of the defendants $1500, for the breach of the condition of a bond, made by Hartwell S. Harris in his lifetime and Elijah Rigby on the 1st January, 1850, payable to William M. Lapsley, judge of the probate court of Dallas county, and his successors in office, with condition," &c., (setting out the condition as above.) "And plaintiffs say, that the condition of said bond has been broken by the defendants, in this : 1st, that the banks of said ferry were not kept in good repair; and in consequence of the negligence of said Hartwell S. Harris and his servants, in not keeping said banks in good repair, the wagon and two horses of plaintiffs, of the value of $600, in crossing said ferry were wholly lost, and this by the negligence of himself and servants, to-wit, on the 27th April, 1855, in the county aforesaid ; and, 2d, that the said ferry was not well attended for travelers and other persons wanting to cross, and in consequence of the negligence of said Hartwell S. Harris and his servants, in not having his ferry-boat properly fastened to the bank at said ferry, the wagon and two horses of plaintiffs, of the value of $600, in crossing said ferry were wholly lost, and this by the negligence of himself and his servants, to-wit, on the 27th April, 1855, in the said county of Dallas."

The defendants demurred to the complaint, " on the ground that the suit should have been brought in the

name of the probate judge of the county." The court sustained the demurrer, but granted leave to the plaintiffs to amend; and the plaintiffs thereupon amended their complaint, by adding, "Thomas G. Rainer, judge of the probate court of Dallas county, and successor in office to William M. Lapsley, late judge of the county court of Dallas county, who sues for the use of George F. Plant & Co." To the allowance of this amendment the defendants excepted.

On the trial, the plaintiffs offered one Skinner as a witness, who stated, on his *voir dire,* "that he was hired by plaintiffs, at the time of the injury complained of, by the month, to peddle tin-ware for them, and was driving their wagon and horses which were used in the business, and for the injury to which this suit was brought; but that he had no other connection with them, and was in no wise interested in the event of this suit, and would not be a gainer or loser however it might result." The defendants objected to the competency of this witness, but the court overruled their objection; to which they excepted.

The defendants offered one Vincent as a witness, who stated, on his *voir dire,* "that he was in possession of said ferry, at the time plaintiffs sustained their alleged loss, and was receiving the tolls, (having previously leased said ferry, with other property belonging to the estate of Hartwell S. Harris, deceased, from Mrs. Mary M. Harris, the administratrix;) but that he had never given a bond to indemnify her against any loss accruing during the continuance of his lease." On the plaintiffs' objecting to the competency of this witness, the court refused to let him testify; and the defendants excepted.

The assignments of error embrace all the rulings of the court to which exceptions were reserved; and it is further assigned as error, 1st, "that the court erred in not quashing the complaint, on demurrer, for a misjoinder of defendants;" 2d, "that the court erred in rendering judgment against Mrs. Harris, because there was no cause of action against her;" 3d, "that the court erred in entering a judgment to be levied of the goods and chattels of Hartwell S. Harris, deceased, when his administratrix as such

was not a party to the suit;" 4th, "that the court erred in rendering a judgment against one defendant *de bonis propriis*, and against the other *de bonis intestatis;*" and, 5th, "that the court erred in rendering a judgment against Mrs. Harris as administratrix, when she was not sued as such."

PEGUES & DAWSON, for the appellants.—1. Skinner was not a competent witness for the plaintiffs below, because the verdict in their favor placed him in a state of security against any action which they might otherwise have brought against him.—1 Greenl. Ev. § 396; Otis & Jayne v. Thom, 23 Ala. 472; Steamboat Farmer v. McCraw, 26 Ala. 204; Emerton v. Andrews, 4 Mass. 653; Code, § 2302.

2. Vincent was a competent witness for the defendants below. He was not a party to the suit, and had no opportunity to be heard. A verdict for or against the defendants could not be used as evidence for him in another suit. Steamboat Farmer v. McCraw, 26 Ala. 205; Crutchfield v. Hudson, 23 Ala. 393; Ala. & Tenn. Rivers Railroad Co. v. Burke, 27 Ala. 541.

3. The complaint ought to have been quashed, on demurrer, for a misjoinder of defendants; the complaint showing that Mrs. Harris is sued individually, for the breach of a bond which she never signed.—Crimm v. Crawford, 29 Ala. 628; Agee v. Williams, 27 Ala. 644; 1 Chitty's Pleadings, 204. Misjoinder of defendants may be taken advantage of on general demurrer, or in arrest of judgment, or on error.—Cooper v. Bissell, 16 Johns. 146; 1 Chitty's Pleadings, 205.

4. No judgment could properly be rendered against Mrs. Harris, because no cause of action against her was shown.

5. It was error to render judgment to be levied of the goods and chattels of Hartwell S. Harris, deceased, when his administratrix, as such, was not a party to the suit.

6. It was error to render judgment against one defendant *de bonis propriis*, and against the other *de bonis intestatis*.

Cooper v. Bissell, 16 Johns. 147; 1 Chitty's Pleadings, 199, 204, and note 3.

WM. M. BYRD, *contra.*—1. Skinner was clearly a competent witness for his principals.—1 Greenl. Ev. §§ 316, 317, 394; Rice v. Grove, 22 Pick. 158; Stringfellow v. Marriott, 1 Ala. 573; 2 Ala. 314; 7 Ala. 830.

2. The question of Vincent's competency is not so raised as that it is revisable in this court. Besides, the witness was clearly incompetent, as he was the lessee of the ferry when the loss occurred.—Hamilton v. Cutts, 4 Mass. 349; Tyler v. Ulmer, 12 Mass. 163; Green v. New River Co., 4 Term R. 589; Hawkins v. Finlayson, 3 Car. & P. 305; 1 Greenl. Ev. § 394; Steamboat Farmer v. McCraw, 26 Ala. 189; Otis & Jayne v. Thom, 23 Ala. 469; Gilmore v. Carr, 2 Mass. 171; 3 N. H. 318; 2 Rawle, 57.

3. The questions raised by the other assignments of error, not being made and reserved in the primary court, cannot avail the appellants.

WALKER, J.—A ferry bond is not the bond of an officer, or a bond given in an official capacity; and, therefore, is not embraced by section 2154 of the Code, which authorizes suits upon certain bonds in the name of the person injured.

2. As the suit was commenced in the name of the person injured, an amendment, making it the suit of the probate judge, for the use of such person, was proper; and, being proper, was certainly permissible under section 2403 of the Code.—Governor v. Davis, 9 Ala. 917.

3. The complaint was against Mrs. Harris in her representative capacity, and not as an individual. The cause of action set forth in the complaint is against her in her representative capacity; and therein this case differs from those cited by the counsel for the appellant. The defendant is denominated administratrix, in the commencement of the complaint; and the cause of action is against her as administratrix, upon a liability of the intestate. The complaint contains all the requisites of a declaration at

common law, charging the defendant in a representative capacity.

4. As the law existed before the Code, the representative of a deceased obligor and the surviving obligor could not be joined as defendants in a suit upon a bond.—Gayle v. Agee, 4 Porter, 507; Murphy v. Bank, 5 Ala. 421; Bancroft v. Stanton, 7 Ala. 351. We do not decide, whether the law, in that particular, is changed by section 2143 of the Code. If the law in that respect is unchanged by the Code, the appellants cannot profit by the question; because the complaint contains a substantial cause of action against both defendants, the objection was not made in the court below, where it might have been obviated by an amendment, and cannot be entertained when made for the first time on appeal.—Code, §§ 2403, 2143; Stewart v. Goode & Ulrick, 29 Ala. 476; Blount v. McNeil, 29 Ala. 473.

5. If we abide by the decision of this court, in the case of the Steamboat Farmer v. McCraw, 26 Ala. 189, we are bound to decide, that the court below erred in admitting the witness Skinner to testify for the plaintiff. In that case, a witness, occupying precisely the same relation to the plaintiff with the witness in this case, was held incompetent, even under the rule adopted in section 2302 of the Code. In the absence of any statutory regulation, there are two classes of cases, in which witnesses are incompetent from interest: 1st, cases in which the record may be used in evidence for or against a witness; 2d, cases in which the judgment will have an immediate operation on his interests, otherwise than by becoming evidence for or against him.—Note to Bent v. Baker, 2 Smith's L. Ca. 51. With the reservation that certain other provisions are not affected, section 2302 of the Code sweeps away entirely the latter of the two classes of cases, and makes the competency of witnesses, as to interest, depend upon the question, whether the verdict and judgment would be evidence for the witness in another suit. We decided, in Atwood v. Wright, 29 Ala. 346, that the test whether a verdict and judgment would be evidence for a witness, was the inquiry, would they be evidence against him if adverse to

the party introducing him. That this is the correct test, there can be no doubt. "A person that hath no prejudice by the verdict can never give it in evidence, though his title turn upon the same point."—Starkie on Evidence, part I., p. 196, § 62, and note *n*; 1 Greenleaf on Evidence, § 524.

If a verdict and judgment had been rendered against the plaintiff, in the case of the Steamboat Farmer v. McCraw, the record could not have been evidence in a subsequent suit by the same plaintiff against the owner of the flatboat, who had the plaintiff's cotton in charge; nor could the judgment in this suit, in favor of the defendants, against the plaintiff, have been evidence against the peddler, who had the plaintiff's wagon and horses in charge. If the judgment against the plaintiff were offered in evidence, to show that the loss of the cotton in the former case was not caused by the negligence of the steamboat officers, or that the loss of the wagon and horses in this case was not caused by the negligence of the ferry-keepers, the rejection of the evidence would be inevitable. The witness, being the defendant, could successfully maintain the inadmissibility of the record against him, upon the ground that the judgment was, as to him, *res inter alios acta*—that he was neither a party nor privy, and had had no opportunity to cross-examine witnesses, or to be heard. If the judgment had been against the plaintiff, it could not have been evidence, in a subsequent suit by the same plaintiff against the witness, to prove that the loss did not result from the negligence of the ferry-keeper; and so a judgment for the plaintiff could not have been evidence in a subsequent suit for the witness, to prove that the loss was occasioned by the negligence of the ferry-keepers, and, therefore, could not have been the result of his misconduct.

The three cases cited in support of the opinion in the Steamboat Farmer v. McCraw, are Farwell v. Hilliard, 3 N. H. 318; Gilmore v. Carr, 2 Mass. 171, and Witmer v. Schlatter, 2 Rawle, 359. We have no opportunity to examine the Pennsylvania case. In the New Hampshire and Massachusetts cases, it is simply decided, that where

one has a distinct remedy for the recovery of a debt against two persons, a judgment against, and satisfaction by one, will discharge the other. In those cases, the judgment was evidence as a mere fact, necessary in making proof of payment, which was a good defense, with or without the judgment. In that sense, a judgment is evidence against all the world. But that is not the sense in which it must be evidence, in order to affect the competency of a witness under the Code.

The decision of this court, and the majority of the authorities elsewhere, are in favor of the proposition, that an agent or servant, having in his care the property of the plaintiff at the time when it is injured, is incompetent to testify for the principal or master, in a suit against a third person to recover damages for the injury, though there are respectable authorities the other way.—Otis & Jayne v. Thom, 23 Ala. 469; McGrew v. Governor, 19 Ala. 89; Bean v. Pearsall, 12 Ala. 592; Moore v. Henderson, 18 Ala. 232; Governor v. Gee, 19 Ala. 199; Barney v. Earle, 20 Ala. 465; Howell v. Cincinnati Ins. Co., 7 Ham. 401; Johnson v. Harth, 2 Bailey, 183; Dudley v. Bolles, 24 Wend. 465; see, also, the cases collected and discussed in the American note to Smith's Leading Cases, vol. 2, p. 54; and see C. & H.'s Notes to Phillips on Ev. (Part I) 145–152.

The incompetency is placed, in the adjudged cases, upon the reason, given by this court in the case of Otis & Jayne v. Thom, *supra*, that a judgment for the plaintiff would contribute to place the witness in a state of security, against any action which the plaintiff might bring against him; and not that the verdict and judgment would be evidence for him. On the contrary, it is said by this court, in Bean v. Pearsall, *supra*, that the judgment would not be evidence for the witness; and we find the authorities cited below concurring with what is said in that case.—1 Greenleaf on Ev. § 396; Harding v. Cobley, 6 Car. & P. 664; Mitchell v. Hunt, *ib*. 351; Harrington v. Caswell, *ib*. 352; Smith's Leading Cases, *supra*.

We are thus led by authority, as well as our reasoning, to the conclusion, that the older case of Bean v. Pearsall

is correct, in denying that the verdict and judgment would be evidence for the witness; and that the decision in the Steamboat Farmer v. McCraw, so far as it holds the contrary, is wrong. We, therefore, as to the point now under consideration, approve of and adhere to the doctrine of the older decision; and hold, that the court below did not err in ruling in favor of the competency of the witness.

7. The lessee of the ferry, who had charge of it under his lease, and was receiving tolls at the time of the loss of the plaintiff's property, was certainly bound to indemnify the lessor against any damage resulting from his negligence; and as the lessee had notice of the proceeding, he would not only be liable over to the defendants, but the verdict and judgment rendered against them would be evidence against him, and, if otherwise, evidence for him, completely shielding him against any suit by the plaintiff. 1 Greenleaf on Ev. §§ 393, 394.

The judgment of the court below is affirmed.