## MONTGOMERY & WEST POINT RAILROAD COMPANY *vs.* EDMONDS.

[ACTION AGAINST RAILROAD COMPANY, AS COMMON CARRIER, FOR NEGLIGENCE.]

1. *Sufficiency of complaint.*—In an action against a common carrier, for a failure to deliver freight, a complaint in the form prescribed by the Code, (p. 553,) except that the plaintiff is not the person who is averred to have been the consignee, and which contains no averment of ownership in the plaintiff, is not sufficient on demurrer.

2. *Proof of quantity or value of lost goods; error without injury in admission of evidence prima-facie irrelevant.*—In an action against a railroad company, as a common carrier, to recover the value of several bales of cotton which were destroyed by fire, it is permissible for the plaintiff to prove the weight of all the bales which were contained in his shipment, and of those which were delivered to the consignee, in order to enable the jury to ascertain the weight of the bales which were destroyed; and the admission of evidence showing the weight of the bales which were delivered, without first proving the weight of all the bales, is, at most, error without injury, when the record shows that the other evidence was subsequently adduced.

3. *Proof of value of car burned.*—In such case, the defendant can not be allowed to adduce evidence of the value of the car on which the cotton was laden, and which was also burned with the cotton.

4. *To what witness may testify.*—In such case, a witness for the defendant

can not be allowed to testify "that every thing was done, which could have been done, to save the cotton from being burned."

5. *Competency of party as witness.*—Under the provisions of the act approved February 14, 1867, (Session Acts, 1866-67, p. 435,) the plaintiff is competent to testify for himself, although the action is against a corporation; and although it was commenced before the passage of that act.

6. *Proof of conductor's skill.*—In such action, the defendant can not be allowed to adduce evidence of skill on the part of the conductor, who had charge of the train at the time of the loss, unless the plaintiff has first introduced proof of unskillfulness on his part.

7. *Liability of common carrier for negligence.*—In a contract for the transportation of cotton by a railroad company, a stipulation, or exception, by which the consignor agrees to assume all risk of loss or damage by fire, does not relieve the company from liability for a loss by fire caused by the negligence of its servants; and if placing the goods on an open, uncovered car, constitutes negligence, notice to the consignor, at the time of the shipment, that they would be carried on such a car, would not relieve the company from liability for the loss.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by William Edmonds, against the appellant, and was commenced on the 26th February, 1866. The complaint was in the following form: "The plaintiff claims of the defendant, a corporate body, incorporated by an act of the general assembly of the State of Alabama, ten thousand dollars, as damages, for the failure to deliver certain goods, to-wit, twenty-three bales of cotton, received by him as a common carrier, to be delivered to Price, Francis & Co., at Montgomery, Alabama, for a reward; which he failed to do. The plaintiff also claims of the defendant, a body corporate," &c., "ten thousand dollars, as damages, for the failure to deliver certain goods, to-wit, twenty-three bales of cotton, marked as follows," (specifying the marks,) "received by him as a common carrier, to be delivered to Price, Francis & Co., at Montgomery, Alabama, for a reward; which he failed to do. The plaintiff also claims of the defendant, a body corporate as aforesaid, ten thousand dollars, as damages, for the failure to deliver certain goods, to-wit, twenty-three bales of cotton, received by him as a common carrier, to be delivered to Price, Francis & Co., at Montgomery, Alabama, for a reward; which he failed to do; and plaintiff avers, that

said cotton was destroyed whilst in the possession of the defendant as such common carrier, and that said destruction could have been prevented by due care and diligence. The plaintiff further claims of the defendant, a body corporate as aforesaid, ten thousand dollars, as damages, for the failure to deliver certain goods, to-wit, twenty-three bales of cotton, received by him as a common carrier, to be delivered to the plaintiff, at Montgomery, Alabama, for a reward; which he failed to do." The defendant filed a demurrer in these words: "The defendant comes, and says, that the complaint, as to each count thereof except the last, is insufficient in law, and sets down the following grounds of demurrer: 1st, that neither of said counts alleges ownership in the plaintiff of the property delivered to the defendant for transportation; 2d, that neither of said counts alleges that the property was delivered by the plaintiff to the defendant for transportation." The court overruled the demurrer, and the cause was submitted to a jury, on issue joined, at the March term, 1867; but the record does not show what pleas were filed.

"On the trial," as the bill of exceptions states, "the plaintiff offered to prove, by one Price, that two bags of cotton were shipped by the plaintiff to him or his partner (Francis), about the 29th January, 1866; that said two bales were received by said Price & Francis, weighed five hundred, and four hundred and ninety-five pounds, and were sold for forty cents per pound, being classed as 'low middlings; that these two bales were part of the lot of twenty-five bales, which were mentioned in the contract between plaintiff and defendant, hereinafter set out. This proof was offered to show the weight of the remainder of said cotton. The defendant objected to said proof, as incompetent and illegal evidence of the weight of the other twenty-three bales; but the court overruled the objection, and admitted said proof for said purpose; to which the defendant excepted.

"In order to show that the defendant had taken such care of the cotton as the law and the contract between the parties required should be taken, the defendant offered one Thomas Shehan as a witness, and showed by him that said

cotton was burned, while *en route* to Montgomery, on board one of the defendant's cars, under the care of said witness as conductor; and said witness proved, that he had been on the railroad, as baggage-master, and then as conductor, for many years. Defendant then asked said witness, whether every thing was done, which could have been done, to save the cotton from being burned. The plaintiff objected to this question, and the court sustained the objection; to which the defendant excepted.

" The defendant asked D. H. Cram, whether the car, on which the cotton was burned, was destroyed with the cotton, by being burned; to which he answered, yes. The defendant then asked, what was the value of the car. The plaintiff objected to this question, as eliciting illegal proof, and the court sustained the objection; to which the defendant excepted. The defendant offered to ·prove, by D. H. Cram, who has been the superintendent of said road for many years, and acquainted with the value of its rolling stock, what was the value of the car on which the plaintiff's cotton was shipped. This proof was rejected· by the court, on the plaintiff's motion, and the defendant excepted.

" The plaintiff offered himself as a witness, to prove the amount of cotton shipped, the circumstances of the shipment, and the condition of the bales. The defendant objected to his competency as a witness, but the court allowed him to testify *in limine;* to which the defendant excepted. On cross-examination of said plaintiff as a witness, the defendant asked him, what he gave for the cotton sued for, in order to prove the value of said cotton. The plaintiff objected to this proof, and the court sustained the objection; to which the defendant excepted. '

" The defendant offered to prove, by D. H. Cram, after showing that he had been superintendent for many years, and skilled in the matter of transportation by railroad, that he was, and had been for many years, acquainted with said Shehan, the conductor who had charge of the cotton while *en route* to Montgomery; and that said Shehan was a cautious conductor, and skilled in his business at the time said cotton was shipped. To this proof, as to Shehan's skill and

caution, the plaintiff objected, and the court sustained the objection; to which the defendant excepted.

" The defendant proved the following written contract, entered into between the plaintiff and the defendant, in reference to the risk from fire in shipping said cotton: ' Chehaw Station, January, 25, 1866. The undersigned, shipper of twenty-five bales of cotton, hereby guaranties the *Montgomery and West-Point Railroad Company* against any and all claim for remuneration, should said cotton sustain loss or damage, or be consumed by fire, while at the depot of said road, or in transit over it; it being hereby understood by the undersigned, and agreed to as a contract, that the said *Montgomery and West-Point Railroad Company* will not be responsible for any loss or damage caused by fire, at its depot, or on its transit.' " (Signed by plaintiff, and attested by two witnesses.) " The defendant proved, also, that plaintiff was informed by defendant's agent, before making the contract, that the defendant would have to carry the cotton on an open, or platform car ; and that it was so carried. The said agent stated, also, in reply to a question by plaintiff, that the defendant would take the best care it could of the cotton; also, that the cotton was carried on open cars, because they had no others to put it on. There was evidence tending to show, also, that the cotton took fire, while on the cars, and twenty-three bales of it were destroyed ; also, that it took fire from sparks from the engine, in consequence of being on an open or platform car. There was evidence tending to show that the cotton was placed on the seventh car from the engine, and that the danger of fire was in proportion to its propinquity to the engine ; and that in the opinion of the witness, who proved that he was skilled in railroad transportation, having been engineer and superintendent of a railroad for many years, cotton on the seventh platform car on a train was safe from fire from the engine. There was evidence, also, tending to show that said cotton was placed on the fourth car from the engine, that there was no bell-rope communicating with the engine, an inadequate supply of water, and no covering whatever over the cotton. It was in proof, also, that the defendant did sometimes cover

cotton on open cars with tarpaulin. There was evidence, also, tending to show that, after the discovery of the fire, it would have been impossible to extinguish it, without the loss of one bale; while other evidence tended to show that, after the discovery of the fire, it would have been impossible to extinguish it at all; and other evidence tending to show that, by throwing off one bale, the balance of the cotton could have been saved, and that one bale could have been thrown off. There was evidence, also, tending to show that said cotton was burned by the negligence of the defendant; and that the rear car in the train, being the ninth from the engine, was an open car, loaded with castings. The witness Edmonds also proved the weight of each of said twenty-five bales of cotton.

"The defendant requested the court, in writing, to charge the jury as follows: 'If the jury believe, from the evidence, that the plaintiff made a special contract with the defendant, by which the plaintiff assumed all risk of fire; and that the plaintiff was informed by the defendant's agent, before making the contract, that they could not carry his cotton, except in open, platform cars; then, if the cotton was destroyed by an accidental fire, communicated from the engine, from the fact that it was put by the defendant on an open, or platform car, the fact that it was put by the defendant on such open car does not make the defendant responsible for the origination of the fire, if the car was placed at such a distance in the rear of the engine as, in the opinion of prudent men, experienced in railroad transportation, would make it safe from such accidents; and further, that if the fire occurred under such circumstances, and the jury were satisfied, from the evidence, that no reasonable care could have saved the cotton from destruction after the fire occurred, then the defendant is not liable for its loss by fire; and that if no reasonable care could have saved a certain part of it from destruction, then the defendant is not liable for the loss of such part of it as could not have been saved from destruction under such circumstances.' The court refused to give this charge, and the defendant excepted to its refusal."

The overruling of the demurrer to the complaint, the

several rulings of the court on the evidence, and the refusal of the charge asked, are now assigned as error.

RICE, SEMPLE & GOLDTHWAITE, and CHILTON & THORING-TON, for appellant.—1. Each count in the complaint, except the last, is fatally defective, because they show no right of action whatever in the plaintiff. They do not aver that he was the owner or consignor of the lost cotton, or that he had any interest whatever in it; while each of them avers that a third person was the consignee, and thereby shows a right of action in him, if any right of action whatever exists. For aught that appears in these counts, the plaintiff is a mere stranger, and has no more right to sue for a breach of the contract declared on than any other stranger had. They show a right of action, if any at all, in favor of Price, Francis & Co., the consignees.—*Hyde v. Navigation Company*, 5 Term Rep. 390; *Gibson v. Culver*, 17 Wendell, 306, and cases there cited; *Cavenaugh v. Such*, 1 Price, 328; *Brown v. Hodgson*, 2 Camp. 36; 14 Mees. & Wels. 403; *Dawes v. Peck*, 8 Term, 336. The provisions of the Code do not aid the complaint, because it is not in the form prescribed by the Code. The only form of complaint prescribed in the Code, for an action "against a common carrier," is in favor of the consignee of the goods, and contains an averment that they were to be delivered to him. When the action is by any other person, the complaint must aver ownership in him, or contain some other allegation showing a right of action in him.

2. An exception was not necessary, to present this point for revision. The error appears of record, and would have been good on appeal, if the judgment had been by default. *Henry v. Porter*, 29 Ala. 619; *McCollum v. Hogan*, 1 Ala. Rep. 517.

3. Evidence of the weight or value of the bales which were delivered, was irrelevant—did not tend to establish any fact in issue, and ought not to have been admitted.

4. The defendant ought to have been allowed to prove the value of the car, on which the plaintiff's cotton was transported, and which was burned with the cotton. The evidence tended to show a motive, on the part of the de-

fendant and its agents, to exercise due care and diligence, and thereby to rebut any imputation of negligence.'

5. Proof of the skill and competency of the defendant's agent, Shehan, who had charge of the cotton at the time of the accident, was competent.— *Walker v. Bolling*, 22 Ala. 294; *Cook & Scott v. Parham*, 24 Ala. 35. It was one of the facts conducing to show due care and caution on the part of the defendant, and was admissible on that ground. *Malton v. Nesbit*, 1 Car. & P. 70; 2 Phil. Ev. (C. &. H.'s Notes,) 760—61.

6. The charge asked and refused, ought to have been given, if any effect whatever is accorded to the special contract between the parties. The loss was within the very terms of the exception, and the risk of loss or damage from that source was expressly assumed by the plaintiff. Under the proof, no question of negligence arises, and the only question is as to the validity of the special contract, by which the plaintiff assumed the risk of fire. All the cases recognize the right of a common carrier thus to limit, by special contract, the great liability which the common law cast upon him; and no principle of public policy intervenes, in this case, to modify the terms of the special contract.—*Steele & Burgess v. Townsend*, 37 Ala. 247, and authorities there cited.

D. CLOPTON, *contra.*—1. The complaint pursues the only form given in the Code, for an action against a common carrier, and is therefore sufficient. That no averment of ownership in the plaintiff, or other equivalent averment of a right of action in him, was necessary, see *Crimm's Adm'rs v. Crawford*, 29 Ala. 623; *Douglass v. Beasley*, at the last term. A bill of lading, by the custom of merchants, has a peculiar force and efficacy, and shows a right of action in the consignee.—Abbott on Shipping, (6th Amer. ed.) 636; *Akerman v. Humphrey*, 1 Carr. & P. 53; *Jenkins v. Osborne*, 8 Scott, (N. R.) 516; *Allen v. Williams*, 12 Pick. 297; *Buffington v. Curtis*, 15 Mann. 527. But the complaint here does not aver any bill of lading in favor of Price, Francis & Co., and, consequently, shows no right of action in them.

2. The demurrer was not to the counts which are alleged

to be defective, but to the whole complaint; and, as the last count is admitted to be unobjectionable, the demurrer was properly overruled. Nor was any exception reserved to the action of the court on the demurrer, which was necessary to enable this court to revise the ruling of the primary court.—*Mahoney v. O'Leary*, 34 Ala. 97; 38 Ala. 514.

3. The character of the conductor, for skill and caution, not having been assailed by the plaintiff, evidence of his character was not admissible for the defendant. The rule is a familiar one in criminal cases.

4. The plaintiff was competent to testify for himself, under the provisions of the act approved February 14, 1867. Session Acts, 1866–67, p. 435. The competency of a witness is to be determined by the law which is in force at the time of the trial.

5. The question put to the witness Shehan, asked his conclusion from the facts, and his opinion on the very question in issue.—23 Ala. 469; 24 Ala. 201; 27 Ala. 480; 27 Ala. 651.

6. There was evidence tending to prove negligence on the part of the defendant in the transportation of the cotton. If the loss was the result of such negligence, the defendant is liable, notwithstanding the special stipulation in the contract.—*Steele & Burgess v. Townsend*, 37 Ala. 247; *Mobile & Ohio Railroad Co. v. Hopkins*, at the present term.

BYRD, J.—1. In the case of *Douglas v. Beasley*, (40 Ala. 142,) this court held, that the word "claims," used in the forms of pleading prescribed by the Code, is not, of itself, a sufficient averment of ownership, in the plaintiff, to a promissory note payable to another; and that a judgment rendered on a complaint on such a note, with such an averment, by default, is reversible on appeal. I dissented in that case, but recognize my duty to conform my judicial action to that adjudication, at least, until it is overruled.

The first three counts of the complaint in this case employ no other averment of ownership in the plaintiff, than the word "claims;" and a demurrer was interposed thereto, on the ground, that there was no allegation of ownership contained in either of those counts. So far from any own-

ership being alleged in those counts, the legal effect of the allegations is, that the title to the cotton is in Price, Francis & Co. The form prescribed in the Code, for. a complaint " against a common carrier," contains, in addition to the term " claims," the allegation " to be delivered to the plaintiff," &c. This is, in legal effect, equivalent to an averment of ownership in the plaintiff. For the law presumes, in the absence of other proof, that the consignee of chattels personal is the owner thereof. Now, if, as in the case of *Douglas v. Beasley,* the word " claims" is not a sufficient averment of ownership to sustain a judgment by default; *a fortiori,* it is not sufficient on demurrer.

In *Crimm v. Crawford,* (29 Ala. 623,) it was held, that the word " claims" was sufficient, because that was the only allegation of ownership used in the form prescribed by the Code, " for the recovery of chattels in specie ;" and that was such an action. It is true, in that case, the court says, " The only requisite to a good complaint is, to state that the plaintiff claims, and what he claims." But that must be construed with reference to the case then before the court.

The form prescribed by the Code, for a complaint "against a common carrier," is clearly and materially different from the one " for the recovery of chattels in specie," *in this,* that the former contains the word " claims," and the allegation " to be delivered to the plaintiff," while the latter contains no allegation of ownership, but such as may be predicated on the word " claims."

So far from the first three counts of the complaint conforming to the requisitions of the Code, they are in direct antagonism therewith, and with the rules of pleading at common law. Hence, the demurrer to the complaint should have been sustained.

2. It was competent for the appellee to prove the weight of the twenty-five bales of cotton, and of two of the bales which were not lost, in order to enable the jury to ascertain the weight of the twenty-three bales which were burned. When the relevancy of evidence depends upon proof of another fact, there is no error in its admission, if such proof is afterward made.—*Bell v. Chambers,* 38 Ala. 660.

Hence, the admission of evidence of the weight of the two bales of cotton can not work a reversal.

3. The value of the car burnt had no relevancy to any question in issue, so far as the record discloses.

4. The court did not err in refusing to permit the question to be answered, whether everything was done, which could have been done, to save the cotton from being burned. This .was a matter for the jury to determine, and not the witness. A witness may, in some instances, be permitted to give an opinion; but this is not one of them.— *Gibson v. Hatchett*, 24 Ala. 201; 23 Ala. 469; *Brice v. Lide*, 30 Ala. 647; *Gregory v. Walker*, 38 Ala. Rep. 26; *Nuckolls v. Pinckston*, 38 Ala. 615.

5. The appellee was a competent witness, under the act approved February 14th, 1867.—Pamphlet Acts, 435.

6. As a general rule, the character of an agent or servant, for caution and skill in the business in which he is employed, can not be proved by the principal, unless it has been assailed by the adverse party. For it makes no difference, how skillful or expert the servant may be, if any loss has occurred from his negligence, for which his principal is responsible. It neither makes out a defense, nor mitigates the damages, to prove the skill of such servant. But, when a party deems it necessary to make proof of the unskillfulness of the servants of the principal, in order to establish the cause of action, then it is permissible for the defendant to prove the character of such servants for skill in the business in which the damage is alleged to have been inflicted. The appellee did not attempt to predicate his claim to damages on proof of the want of skill of the conductor. Until so assailed, the law indulges the presumption, that he was skillful and competent in the business in which he was employed; and it is not error to exclude evidence of the existence of a fact which the law presumes to exist, until that presumption is attempted to be overthrown by proof. The following references will be sufficient for this question.—*Franklin v. The State*, 29 Ala. 14; *Ben v. The State*, 37 Ala. 103; *Otis et al. v. Thom*, 23 Ala. 469.

7. Notwithstanding the appellee assumed the risk of loss by fire, the appellant was responsible for loss resulting from

the negligence of its servants, though it was occasioned by fire. *If* a carrier can contract against loss from *the negligence* of his servants, so as to bind the owner or shipper of goods, yet such contract must be clear and explicit. It is not so in this case ; and it would be against public policy to give this contract such a construction, when a different one can be given.—*Mobile & Ohio R. R. Co. v. Hopkins*, at the present term. The notification to the appellee, that the cotton would be carried on an uncovered car, does not relieve appellant from liability, if the putting it on such car was negligence.—*Steele v. Townsend*, 37 Ala. 247. But, whether such loading was negligence, was a question for the jury. Hence, the court properly refused to give the charge asked.

It results, that the judgment must be reversed, for the error committed in overruling the demurrer.