# Adams v. Jones.

*Bill in Equity against Sureties of Deceased Guardian, for Account and Settlement.*

1. *Statute of limitations, in favor of sureties of administrator or guardian; begins to run when.*—The statutory bar in favor of the sureties of an executor, administrator, or guardian, "for any misfeasance or malfeasance of their principal, the time to be computed from the act done or omitted by their principal which fixes the liability of the surety" (Code, § 3226), is to be computed, not from the date of the actual misfeasance or malfeasance of the principal, but from its judicial ascertainment by the decree rendered on final settlement of his accounts.

2. *Same, when letters are granted to sheriff by virtue of his office.*—The principle above stated applies with full force to the sureties on a sheriff's official bond, when letters of administration or guardianship are granted to him by virtue of his office: the statute of limitations begins to run in their favor, not from the termination of their principal's term of office as sheriff, but from the final settlement of his accounts as administrator or guardian.

2. *Misjoinder and multifariousness.*—When letters of guardianship of several minor children, distributees of the same estate, are granted to the sheriff by virtue of his office, by one and the same order, and he dies without making a final settlement of his accounts, all of them may join in a bill against the sureties on his official bond, for an account and settlement, and such bill is not demurrable for misjoinder or multifariousness.

APPEAL from the Chancery Court of Hale.
Heard before the Hon. CHARLES TURNER.

SNEDECOR & COCKRELL, and THOS. SEAY, for appellants.

SMITH & ROULHAC, contra.

SOMERVILLE, J.—This bill is filed against the sureties of William R. Hardaway, who, by virtue of his office as

[Adams v. Jones.]

sheriff of Greene county, had become the guardian of the complainants in the year 1857. His term of office expired in August, 1860, and he died in the year 1874, before the commencement of this suit. The facts, as stated in the bill, show that there had been no settlement of the guardianship of Hardaway, and that more than six years had elapsed since the expiration of his term of office, and that more than three years had elapsed since the arrival at majority of all the complainants, except Sophrania Adams. The bill prays for an account and settlement of the guardianship.

The defendants interposed, by demurrer, and by answer, the defense of the statute of limitations of six years. This defense was sustained by the chancellor, and the bill was dismissed.

Section 3226, subdivision 6, of the Code of 1876 (the same as section 2901 of the Code of 1867), applies six years as a period of limitation to the following cases: "Motions and other actions against the sureties of any sheriff, coroner, constable, or any other public officer ; or actions against the sureties of executors, administrators, or guardians, for any misfeasance or malfeasance whatever of their principal; the time to be computed from *the act done* or *omitted* by their principal, which *fixes* the liability of the surety." Section 3236 allows minors three years, within which to sue, after the removal of their disability.

The above statute, as applicable to the cases of ordinary executors, administrators and guardians, has been construed by this court in *Fretwell v. McLemore*, 52 Ala. 124. It is there decided, that the statutory bar in favor of their sureties, as created by the above section, is to be computed from the *judicial ascertainment* of the principal's default, and not from the date of the *actual* misfeasance or malfeasance, for which the surety is sought to be charged. In *Rives v. Flinn*, 47 Ala. 481, the final settlement, required by law to be made by an administrator, was declared to be the ascertainment of his liability, which, in contemplation of this statute, fixes the liability of the sureties. This rule is plain and simple, and too well established both by authority and in sound reason to be now abandoned.

It is, however, urged that a sheriff is not an ordinary administrator, when he becomes such *virtute officii*, and ought not to be brought within the operation of the general rule ; that as to his sureties, the statute of limitations should begin to run upon the expiration of his term of office. We cannot incorporate this exception into the statute, where the law-making power has failed to do so. The sheriff, in a case like

[Adams v. Jones.]

this, is none the less an administrator, because he continues to be a sheriff. *Lex uno ore omnes alloquitur.*

This principle was settled decisively in *Ragland v. Calhoun's Adm'r*, 36 Ala. 606. There, more than six years had elapsed since the expiration of the sheriff's term of office, and the termination of his administration. It was held, that, when the sheriff undertook to act as administrator, by virtue of his office, under his general official bond, he and his sureties were liable upon it, to the same extent as if they had executed an administration bond proper under the order of the court. The same construction was placed by ORMOND, J., in *Governer v. Davis*, 9 Ala. 917, upon the statute of 1821, which does not materially differ from the present law, so far as concerns the point under consideration.

It is said that this construction encourages *laches* on the part of such administrators in making settlements. The same objection could be urged in its application to ordinary administrators, or guardians. Besides, it does not lie in the mouth of the sureties to urge this reason. The guardian here was their principal, and they were bound under seal for the faithful discharge of his official duties. The protracted delay in making settlement of his trust was his delay, not that of the complainants.

There is no misjoinder of parties complainant in the present suit, nor is the bill multifarious. The complainants all claimed in similar rights, and asked the same relief. They were constructively joint obligees in the sheriff's bond, which, as to them, was a guardian's bond. The principal in the bond had taken out but one letter of guardianship for all of the complainants, who were minor heirs of the same decedent. *Miller v. Garrett*, 35 Ala. 100; Story's Eq. Pl. § 284.

Multifariousness, abstractly, has been properly said to be incapable of an accurate definition; but is generally understood to include those cases, "where a party is brought as a defendant on a record, with a large portion of which, and in the case made by which, *he has no connection whatever.*" Story's Eq. Pl. § 530; *Kennedy v. Kennedy*, 2 Ala. 573. The objection is greatly a matter of discretion, and so the circumstances under which it is allowed to prevail; so that every case must, in a measure, be governed by what is convenient and equitable under its own peculiar facts, subject to the recognized principles of equity jurisprudence. And it is always proper to exercise this discretion in such manner as to discourage future litigation about the same subject-matter, and prevent a multiplicity of suits, and never so as to do plain violence to the maxim, that courts of equity "delight to do justice, and *not by halves.*" No universal rule, in regard

[Folmar v. Folmar.]

to multifariousness, can be, or has been, attempted to be established, as covering all possible cases.—Story's Eq. Pl. §§ 72, 284, 530–31; Adam's Eq. 309*–311*; 1 Brick. Dig. p. 719, § 1158 *et seq.*

The chancellor erred in sustaining the demurrer, and in dismissing complainants' bill. The judgment is, therefore, reversed, and the cause remanded.