1832.

Rogers
v.
Dibble.

### D. & B. P. ROGERS *vs.* DIBBLE.

Where a bill was filed to correct an alleged mistake in a deed from D. B. to the defendant, and to obtain a perpetual injunction restraining the defendant from proceeding at law to recover the land alleged to have been included in the deed by mistake, or from disturbing an aqueduct across the premises in controversy, the complainant having purchased from D. B. subsequent to the conveyance to the defendant, and subject to a right previously granted to W. to take water from a mill dam to grind bark at his barkmill, and to a passage or right of way over the premises in dispute, which right was granted to W. subsequent to the conveyance to the defendant, but previous to that to the complainant, *Held,* that W. was an incompetent witness for the complainant.

If an objection to the competency of a witness is made by the party against whom he is called, as soon as the interest of the witness is discovered, and the examiner overrules the objection, or reserves the question, or the party calling the witness insists upon proceeding against the decision of the examiner, the adverse party may cross examine the witness, and then move to suppress his deposition ; or he may object to the competency of such witness on the hearing.

Where the objection to the competency of a witness does not appear upon the pleadings, or upon the testimony of witnesses previously examined, the party against whom the witness is called may raise the objection whenever the facts on which it is founded are disclosed by the witness.

He may also at the commencement of the examination raise the objection, that the witness is interested, and afterwards establish the fact of interest by other witnesses.

April 17.

THIS was an appeal from an interlocutory order of the vice chancellor of the fourth circuit, suppressing the deposition of Oliver Weston, a witness examined on the part of the complainants. The object of the complainants' bill was to correct an alleged mistake in a conveyance from Daniel Boardman to the defendant ; and also to obtain a perpetual injunction, restraining the defendant from suing at law for the recovery of the land which was alleged to have been included in the deed by mistake ; and to restrain him from disturbing an aqueduct running across the premises in controversy. The complainants purchased of Boardman subsequent to the conveyance to the defendant, and subject to a right or privilege which had been previously granted to Weston to take water from the mill dam to grind bark at his bark mill, and to a passage, or right of way, over the premises in dispute. This grant to

Weston was also subsequent to the conveyance to the defend-ant, which was sought to be reformed.

*L. H. Palmer*, for the complainants.

*J. Ellsworth*, for the defendant.

, THE CHANCELLOR. The witness, whose deposition has been suppressed, appears to have an interest in establishing the claim of the complainants. Although a decree in favor of the defendant in this suit would not prevent this witness from litigating the same question over again with him, it does not follow that a decision the other way is one in which he has no direct interest. If the deed is not reformed, and the defendant recovers the possession of the premises in contro-versy, the witness, who has a claim prior in point of time to that of these complainants, will not be concluded by a litiga-tion to which he is neither a party or privy. In that point of view he would only be interested in the question, and might still file a new bill in his own name to reform the deed, so far as it affected his rights. But it appears to me that a decree in favor of these complainants must effectually protect him a-gainst any interference with his privileges by the defendant, al-though such decree should be founded on his testimony alone. The defendant, by his suit at law, seeks to recover the posses-sion of the way to the bark-mill, and of the land which is ne-cessary to preserve the water privilege. The defendant can-not disturb the witness in the enjoyment of his privilege, un-less he can obtain possession of the land in controversy. And if the complainants succeed in obtaining a perpetual injunc-tion, or in reforming the deed, such possession never can be recovered. The witness is therefore directly interested in maintaining that possession in the present complainants, and for that reason he was an incompetent witness.

The fact that Weston was the owner of the bark-mill, and was entitled to the water privilege and right of way over the premises in dispute if the claim of the complainants is sus-tained, was not disclosed until after the witness' direct exam-ination had been commenced. The defendant then raised the

objection to his competency. But the examiner proceeded with his examination, notwithstanding the objection; which was noted at the end of the direct examination. It is now insisted that the defendant waived the objection, because he afterwards cross-examined the witness. It was formerly the practice to require the party objecting to the competency of a witness, to make the objection before the witness was sworn in chief. By the modern practice, however, if it appears from the witness' own testimony, on his examination after he has been sworn in chief, that he is incompetent on account of interest, his testimony may be rejected. (*Stone* v. *Blackburn*, 1 *Esp. R.* 37. 1 *T. R.* 719. 6 *John. R.* 538.) And this, even after he has been examined as to his interest on his *voir dire*, and has been received as a competent witness. (*Per Chase, C. J.* 1 *Harris &* *Johnson's Rep.* 573. *Evans* v. *Eaton*, 1 *Peters' C. C. Rep.* 322.) The objection here was taken in time; because it did not appear that this witness was interested until after he was sworn and examined in chief. The objection was taken before his direct examination had closed; and, I presume, as soon as he testified to the facts which showed his interest.

The examiner having permitted the examination to proceed notwithstanding the objection, the defendant did not lose the right to apply for a suppression of the deposition by cross-examining the witness as to the merits. The case of *The Corporation of Sutton Coldfield* v. *Wilson*, (1 *Vern. Rep.* 254,) appears to support the position assumed by the appellants' counsel. The objection was made that the corporators were not competent witnesses; but, the reporter states, it at length appearing that the defendant had cross-examined some of the witnesses to the merits of the case, the lord keeper declared that made them good witnesses, though they were members of the corporation, and upon their evidence it was decreed for the plaintiff. If it was a question resting in any manner in the discretion of the court, Lord Guilford was certainly right in overruling the objection to the competency of the witnesses in that case; as their interest as corporators in a municipal corporation was, at most, only nominal. I cannot find, however, that this case has been followed or sustained by any decision in England of a recent date. In the case of

*The Charitable Corporation* v. *Sutton*, (2 *Atk. Rep.* 403,) Lord Hardwicke appears to put his opinion upon the ground that the defendants had not only cross-examined the witness, but had actually read his deposition at the hearing. On the other hand the case of *Scott* v. *Fenwick* is referred to as reported in *Gwillim's* collection of tithe cases, in which it was held that the party did not waive an objection to the competency of a witness merely by cross-examining him to the merits. (3 *Gwill.* 1255.) And this last decision is followed by Sir William Grant in the case of *Moorhouse* v. *De Passau*, (*Cooper's Eq. Rep.* 300. 19 *Ves.* 433, S. C.) In *Vaughan* v. *Worrall*, (2 *Mad. Rep.* 322,) Sir Thomas Plumer permitted witnesses to be examined by new interrogatories as to their interest, after the party making the application had examined them upon cross interrogatories as to the merits. In *Perigal* v. *Nicholson*, (*Wightw. Rep.* 64,) the court of exchequer rejected the deposition of a witness who appeared to be interested, although the party making the objection had cross-examined him as to the merits. And in a very recent publication upon the practice of the court of chancery in England, it is laid down as a settled principle, that a deposition of a witness may be suppressed, if it appears from the deposition that the witness was interested; and that his being cross-examined will not be a waiver of the objection. (1 *Brown's Ch. Pr.* 92.)(a)

In this state, since the passing of the statute allowing of the examination of witnesses openly, I believe it has been the uniform practice to permit a party to cross-examine his adversary's witnesses without prejudice to his right to move to suppress their depositions on the ground of incompetency. The only restriction imposed upon a party in such cases is, that he should make the objection to the competency of the witness in due season, so that his adversary may have an opportunity to remove the objection by a release, or otherwise; or to supply the defect in his testimony by other witnesses, if possible. (2 *Paige's Rep.* 60. Rule, 85. And see 7 *Wendell's Rep.* 180.)

The course pursued at law now forms a proper guide for parties in the examination of witnesses in this court. Where

(a) See also *Harrison* v. *Courtauld*, 1 *Russ. & Myl. Rep.* 428.

it appears upon the face of the pleadings that the witness is incompetent, the adverse party may object to his examination in the first instance.    If the examiner overrules the objection, or reserves the question, or the party insists upon proceeding against the decision of the examiner, the adverse party may cross-examine the witness to the merits, and then move to suppress the deposition ; or he may object to the competency of the witness on the hearing.    Where the objection does not appear upon the pleadings, or upon the testimony of witnesses previously examined, the party against whom the witness is called may raise the objection whenever the facts on which it is founded are disclosed by the witness.    He may also, at the time of the examination, raise the objection that the witness is interested, stating in what that interest consists, and may afterwards establish the fact of interest by other witnesses.

The witness, Weston, was incompetent ; the objection was properly taken in this case, and it was not waived by the subsequent cross-examination by the defendant. The order suppressing the deposition must therefore be affirmed, with costs.