## MOORE & JONES, Adm'rs, vs. HENDERSON.

1. Where an agent places notes, belonging to his principal, in the hands of an attorney for collection, and takes a receipt therefor to himself, he may, when the money is collected, maintain an action for it in his own name.

2. In an action against an attorney for money collected by him on a note, the principal in the note is an incompetent witness to prove that he has paid it to the defendant.

Error to the Circuit Court of Lowndes. Tried before the Hon. Nathan Cook.

Elmore & Yancey, for the plaintiffs in error:

1. The plea to the first count in the declaration should have been sustained—the facts of the plea bring the case within the principle decided in Branch Bank Montgomery v. Sydner, 7 Ala. 308.

2. The witness was improperly admitted.—Bean v. Pearsall, 12 Ala. 592.

Stone & Judge, for the defendant.

1. The question raised on the demurrer is: can an agent maintain an action on a written promise made to himself? Whenever the contract is express, and made with the agent, and in his name, the agent may always sue, but the law never implies a promise in his favor. The distinction is between express and implied contracts.—Story on Agency, § 394, and authorities cited; Buffoun v. Chadwick, 8 Mass. 103; Vanstophurst v. Pearce, 4 ib. 258; Joseph v. Knox, 3 Campb. 320; Griffith v. Ingliden, 6 Serg. & R., 429; U. States v. Dugan, 3 Wheat. 172-80; Castleberry v. Fennill, 4 Ala. 642.

2. The witness was not interested in the event of the suit. He could not gain or lose by it, as the recovery here cannot effect his liability on his notes. Neither can this record be evidence for him.—Wiggins v. Pryor, 3 Por. 430, p. 433; Massey v. Rogan, 6 Ala. 647; Stewart v. Conner, ib. 9 803, on p. 819-20-21-22, and the numerous authorities cited by Chief Justice Collier; Lethbridge v. Phillips, 2 Stark. R. 544; Henari v. Maxwell, 5 Halst. 297; Nix v. Cutting, 4 Taun. 18;

Jackson v. Van Dusen, 5 Johns. 144, on p. 158; Stewart v. Kip, ib. 256; Cornogg v. Cornogg, 1 Yeates, 84; Case v. Reeve, 14 Johns. 81; Duncan v. Bell, 2 N. & McC. 153 ; High v. Park, 1 Root 55 ; Bank v. Norton, 2 McL. 422 ; Teneyck v. Bill, 5 Wend. 55 ; Airings v. Speed, 5 Wheat. 420 ; Evans v. Eaton, 7 ib. 356 ; Union Bank v. Knapp, 3 Pick. 96 ; Willings v. Consequa, Pet. C. C. 301 ; Clark v. Robinson, 5 Monr. 55, on p. 57-8 ; 1 Greenl. Ev. § 524, refering to 7 Cranch 271; 1 Wheat. 6.

3. The interest that disqualifies is certain and direct, not contingent and remote. See many of the· cases above, also, the cases collected.—3 U. S. Dig. 688, § 42 ; 1 Greenl. Ev. § § 389 to 401, C. & H's., notes, p. 86, *et seq.*; ib. 1514 to 1530; Smith v. White, 5 Dana 376, p. 382; Truss v. The State.

4. The case of Post & Main, 1 Ala., is upon an entirely different principle, and the case in 4 Mass. 653, is overruled, and shown not to be the law by the case in 5 Halstead, *supra*. Moreover, the facts are entirely different from ours.

CHILTON, J.—This was an action of assumpsit, brought by Archibald Henderson, the defendant in error, against the plaintiffs in error, as the administrators of Alex. B. Forney, deceased, to recover certain monies alleged to have been collected by their intestate upon certain notes placed in his hands, and for which notes said intestate gave a receipt, which is set out in the declaration in these words: "Received of J. C. McConnaughy for A. Henderson, the following notes for collection—four notes on W. F. Bird as principal, and M. J. Relph and B. J. Relph, as securities, for forty dollars each, dated 3d January 1846, and due six months after date, payable to Alex. Henderson, agent, or order, also, one note on same parties for seven hundred and fifty dollars, due first January 1847, (without security) which I promise to collect or return. This 22d January 1847, (signed) A. B. Forney."

The defendant pleaded, first, non-assumpsit, second, "that the notes described in the receipt of said Forney, were given by the makers thereof to the plaintiff as the agent of one Royden, and that the consideration of said notes was property of the said Royden, sold by the said plaintiff as the agent, and for and in the name of said Royden, and that said receipt declared on was

17

given to and received by said plaintiff as the agent of said Roy-den, and that the sums of money collected and received by said Forney did not, nor did any part thereof, belong to said plaintiff, but the same belonged to his principal, the said Royden." A demurrer was sustained to this second plea, and this is one of the points assigned as error.

An agent to whom a note is payable may maintain an action in his own name upon it, and there is no difference in principle between such a case and the present. The obligation to collect or return the notes is to the plaintiff, and the obligation to pay the money when received on the notes, and which grows out of and forms in law a part of the obligation of the receipt, is also to him. He is therefore entitled to the action, and the demurrer was properly sustained.—Story on Agency, § 394; Paley, 361. This case is unlike The Branch Bank at Montgomery v. Sydnor, use, &c., 7 Ala. 308. In this there is an express agreement to collect the money specified in the notes for the plaintiff, or return the notes to him. In that, the law *implied* an obligation on the part of the Bank to pay the money demanded, and this legal implication could only be to the true owner thereof.

2. The plaintiff below offered the maker of four of the notes embraced in the receipt of Forney, to prove he paid said notes to said Forney after the execution of said receipt He was objected to as interested, but the objection was overruled, and he was admitted to prove such payment. The plaintiffs in error, having excepted to this decision of the court, present the same to this court as the only remaining point for our revision. There are several decisions which maintain the competency of this witness, which are collected on the brief of the counsel for the defendant in error, and the strong inclination of the courts in modern times seems to be to admit witnesses to testify in all cases where they can do so without impugning some stern rule of law, letting the objection to such witness go to their credibility and not to their competency. But we think this desire to arrive at the proof without so much regard to the medium through which it is communicated must not be pushed so far as to break down those most salutary rules which the experience of centuries has shown to be of the last importance in the administration of justice. The general rule requires that witnesses who

Moore & Jones, adm'rs, v. Henderson.

are interested in the result of the suit should be excluded from testifying in favor of their interest. The test usually applied to determine whether a witness is interested is whether the record of the suit in which he is called could be made evidence either for or against him in any subsequent action, and many of the courts, seeming to regard this test as applying to *all cases*, have admitted witnesses similarly situated with the witness in this case. But there are many cases where this test would not lead to a correct result, in which it is not indispensable that the record of the pending suit should be evidence against the witness in a subsequent suit. Chancellor Walworth says, " in the language of the late Chief Justice Ewing, of New Jersey, if the liability of the witness remains the same, whichever way the verdict may be, he is indifferent, but if, in one event, his liability is diminished, he is not a competent witness for that party and to produce that event, citing Harwood v. Murphy, 4 Halst. R. 215; Bland v. Ansley, 5 Boss. & Pull., 331; Knightly v. Buck, 3 Campb. R. 521; Gardner v. Seward, 2 Yeate's R. 185; Pendleton v. Speed, 2 J. J. Mar. R. 508; Rodgers v. Dibble, 3 Paige, 238; see Woods *v.* Skinner, 6 ib. 81, and 3 Phil. Ev. (3 ed.) 138. In Haynes v. Grier, 4 Binn. R. 83, the principle in the case before us was decided. There one Bond was offered to prove that he had paid certain monies to the defendant as taxes, to recover which the suit was brought by the treasurer of Wyoming county. If the payment had been made by the witness and the plaintiff recovered, that was a satisfaction as to Bond. The court held that Bond's testimony tended immediately to discharge him from his taxes. Tilghman, C. J., said : " If a suit should afterwards be brought against Mr. Bond for the taxes, this verdict might be evidence to prove that the treasurer had recovered them."

In Beane v. Pearsall, 12 Ala. 592, it was said not to follow in all cases, where the record could not be used as evidence either for or against the witness in another suit, that he was competent. "He might still have a certain, immediate and direct interest in the event of the suit, as he must have in all cases where he is offered for the plaintiff, and by enabling the plaintiff to recover, prevent a suit from being brought against himself." The case above differs from this in the fact that the witness offered to prove the payment was an agent to make the payment

and was held admissible on the ground of his agency, which is a doctrine well settled.

Without, however, citing to the numerous and conflicting authorities, which serve more to bewilder the mind than satisfactorily to elucidate the subject, we prefer to rest our decision upon principle. The plaintiff in this case avers that Forney collected the notes specified in the receipt declared upon. If he did collect them, then the maker of the notes is discharged, and no action can be maintained by the plaintiff or his principal against the witness. If the notes remain unpaid, then the witness is liable to the suit of the plaintiff for their collection. The payment of the notes was the sole issue to be tried, and if upon that issue being found for the plaintiff, he succeeded in recovering the money, his demand is satisfied, and the witness relieved from suit at his instance. He is then immediately interested in effecting a recovery by the plaintiff. My brethren are fully satisfied with the correctness of this conclusion. For myself, I confess I have had some difficulty in attaining it, and adopt it not without some misgivings as to its correctness. The witness was therefore improperly admitted. Let the judgment be reversed and the cause remanded.