Samuels, J.
This cause is brought here by supersedeas to a judgment of the Circuit court of Ohio county, in favor of the defendants, in an action of ejectment, in which the plaintiffs counted on a joint demise by James C. Johnston and Sophia his wife, and on a separate demise by James C. Johnston: Slater and Churchill, on their motion, were admitted defendants.
The plaintiff and defendants respectively relied upon titles to the property in controversy, derived from *322 Hampden Zane; and the case before the court must be decided by a comparison of those titles. That of the plaintiff is under a deed from Zane, dated April 1842, conveying to Sophia H. Johnston, one of the plaintiff’s lessors, the subject in controversy, being a lot or piece of ground in the city of Wheeling in Ohio county. This deed was attested, and subsequently proved by William F. Peterson, W. W. Shriver and James C. Johnston, before the clerk of the County court of Ohio county, in his office, and recorded by him. The witness James C. Johnston, at the time of the attestation, and at the time of proving the deed, was the' husband of the bargainee Sophia H. Johnston. The plaintiff’s lessors, or either of them, at no time had actual possession of the lot conveyed.
The title of the defendants is derived under a deed from Hampden Zane, dated March 14th, 1844, by intermediate conveyances. By that deed he conveyed to William H. Churchill a large quantity of real property in trust to secure certain creditors certain sums of money due to them from the grantor. At the time of executing this conveyance, neither the trustee nor any of the creditors secured by the deed had any actual notice of the deed of April 1842 to Mrs. Johnston. The parties claiming the legal title derived by conveyances after the deed of March 14th, 1844, and embracing the property in that deed, are shown by the record to have had no actual notice.
In the argument here, the plaintiff’s counsel make the question whether the lot conveyed in the deed of April 1842 is embraced by the deed of March 14th, 1844. The record shows that Hampden Zane derived title to all the property embraced by either deed, by devise from his father Noah Zane; and the deed of March 14th, 1844, declares that “ it is understood that all the lands and tenements, rights and privileges devised and bequeathed by said Noah Zane to said *323 Hampden Zane, are hereby conveyed and intended to be conveyed to said William H. Churchill,” &c. This description embraces the lot in controversy.
The plaintiffs’ counsel earnestly insist that the deed of April 1842 was duly recorded within the true intent and meaning of the registry acts; and that being prior in date, should be held to pass title to the lessor Sophia H. Johnston. The only objection to the registration of this deed is the fact that its execution was proved before the clerk by Johnston, the husband of the bargainee. Was he a witness within the meaning of the statute? The obvious reply is that the legislature must have intended that the witnesses to the deed should be competent to prove the transfer of property from the bargainor to the bargainee : that they should be competent, according to the general rules of evidence, to prove the very fact to which they testify. If Johnston can be held competent to prove the execution of a deed to his wife, it must be held that he would be competent to prove the execution of a deed to himself; from the intimate relation between husband and wife, and from the strong bias of feeling towards each other, the law has provided that neither shall be a witness in regard to any subject in which the other is interested. There are circumstances in which, from necessity or convenience, the evidence of a party himself may be heard; as for instance, to prove cause for postponing a trial, or to prove the loss of papers for the purpose of letting in secondary evidence of their contents; but there is, perhaps, no case in which the evidence of a party can be heard to prove in his own behalf his title to property. If the witness to this deed would have been disqualified by interest as a witness to' a deed to himself, the interest of the wife and his own interest consequent thereon, would disqualify him as a witness to this deed. If we look to the consequences of the construction contended for by *324 the appellants’ counsel, we must see strong reasons why it should not prevail. A recorded deed is evidence of itself. Baker v. Preston, Gilm. 235; Pollard’s heirs v. Lively, 4 Gratt. 73. By holding that an interested party may by his own oath aid in putting his deed on the record, and thereby absolve himself from the duty of offering further proof when the execution of the deed is thereafter drawn in question, or that thereby he may impose on others the burden of disproving the execution, is to give such party an undue advantage ; such as neither the plain letter or the spirit of the statute requires- or sanctions.
The cases above cited show a difference between our law of evidence and that of North Carolina, which requires at our hands a different decision from that rendered by the Supreme court of that state in the case of Jones’ lessee v. Ruffin, 3 Dev. R. 404.
The plaintiff’s counsel, in effect, if not in terms, argued further, that the registration of a deed has two several and distinct functions: 1. To give notice to purchasers. 2. To furnish evidence when the execution of the deed shall be drawn in question. That the first of these functions will be effectually performed, whatever may be the proof upon which the registration was made; that the defect in the proof of execution may be supplied at the trial when the deed is offered as evidence. This argument but carries out the case from "North Carolina above cited, and that of McKinnon v. McLean, &c., 2 Dev. & Bat. Law R. 79, to their legitimate results. The argument cannot avail here, in view of our statute and the decisions under it. It is clearly within the scope of the legislative power to declare what shall be essential to making a valid deed between the parties to it, and as against third parties. In the exercise of this power, it has been declared that certain things shall be essential to all deeds; that registration is not necessary be *325 tween the parties to a deed; that it is not necessary as against volunteers or purchasers with notice: but it has further declared that a deed shall be void against purchasers for value without notice, unless recorded upon authentication in one of the inodes A . prescribed. One of these modes is proof by three witnesses, which was attempted in this case. As against such parties registration is equally essential with signing, sealing, delivery, or any other thing required to give validity to the deed. Carter v. Champion, 8 Conn. R. 549.
By holding a deed irregularly registered to be a valid instrument of notice, and that by proving its execution on any trial in which it may be drawn in question, it shall have the effect of a deed, the statute is effectually repealed. There can be no purchaser without notice of such deed. The statute is found, 1 Rev. Code, p. 361-2, § 1, 4; the cases are Turner v. Stip, 1 Wash. 319; Currie v. Donald, 2 Wash. 58; Dawson v. Thruston & als., 2 Hen. & Munf. 132; Manns v. Givens, 7 Leigh 689; Pollard’s heirs v. Lively, 2 Gratt. 216; Hodgson v. Butts, 3 Cranch’s R. 140.
Adhering to what I regard as the meaning of the statute, and following the cases in this court, I am of opinion that the deed of April 1842 cannot be regarded as a recorded deed.
The record shows distinctly that the parties holding the title and claiming under the deed of March 14th, 1844, had no other notice of the deed of April 1842 than such as might be implied from the registration of that deed; and this registration I have shown was void by the terms of the statute.
The plaintiff’s counsel further argued that the parties claiming under the deed of March 14th, 1844, were not purchasers at all; or at least were not purchasers for value. It is well settled that a creditor taking a deed of trust on real estate to secure his debt, is a purchaser *326 within the purview of the law. Beverley v. Brooke, 2 Leigh 425; Tate v. Liggatt, Id. 84.
That the creditors secured by the deed of March 1844 were purchasers for value, is shown by the fact that their bona fide debts thereby secured amounted in the aggregate to about ten thousand dollars.
The deed of April 1842 having no effect as a recorded deed, the parties to the subsequent deed of March 14th, 1844, at the time it was executed, having no notice of the first, and the parties now holding the legal title derived by intermediate conveyances' from the deed of March 14th, 1844, having acquired that title by purchase for value without notice, their title is doubly secured by their own purchase and that of the bargainees in the deed of March 14th, 1844.
I am of opinion to affirm the judgment.
The other judges concurred in the opinion of Samuels, J.
Judgment affirmed.