Staples, J.
This suit was instituted in the circuit court of Fauquier, by the administrator of Enos Hord •against Eobert Martin and William S. and Joseph W. Colbert. The bill charges that a deed of trust executed by Martin on the 3rd of July 1866, for the benefit of William S. Colbert, is fraudulent and void; and further that at the time of executing the deed both-William S. Colbert and the trustee Joseph W. Colbert had notice of an undocketed judgment held by Hord against Martin. The defendants answered the bill, positively denying all the allegations in respect to fraud, and notice. At the September term 1869, a decree was entered, directing one of the commissioners “ to take an account of Martin’s debts, and also to inquire and report as to the respective priorities of the liens by judgment and' the deed of trust.” Under this decree other judgment creditors came in, and proved their debts before the commissioner, and numerous depositions were taken bearing upon the questions at issue.
The commissioner reported in favor of the deed of trust; giving' it priority over the plaintiff’s judgment and the other judgments against Martin not regularly docketed.
This report was excepted- to by the creditors; and the same coming on to be heard at the June term 1873 of the chancery court of Eichmond, to which it had been removed, the chancellor rendered a decree overruling the exceptions to the commissioner’s report, sustaining the deed of trust, and directing a sale *54 of the land. From that decree an appeal was taken* by Hord’s administrator to this court.
Before considering the case upon its merits, it is necessary to dispose of a preliminary question raised by the exceptions to the depositions of Joseph W.- and William S. Colbert. These exceptions are based upon the ground that Enos Hord, the plaintiff’s intestate, being dead, the defendants are incompetent to testify in this cause. One of them, Joseph W. Colbert, was-cross-examined at great length by the counsel for Hord’s administrator, upon all the issues involved; and when the whole examination was concluded, the objection was then for the first time made to the competency of the witness. It does not appear that the attention of the court below was called to the objection; nor does it appear whether that court considered the-deposition in rendering its decree of the June term 1873. It is very certain that the counsel making the objection was aware of it, as well before as after the-cross-examination was commenced and concluded. The question is, has it not been waived by this manner of proceeding. Is an adverse party with knowledge of the alleged in competency, permitted to extract whatever he can from a witness upon a rigid and protracted cross-examination; and if the testimony is favorable to his side insist upon its being read, if unfavorable have it excluded? Upon this point the authorities leave no room for doubt. They hold that if the party be aware of the existence of the interest, he will not be permitted to examine the witness and afterwards to object to his competency if he should dislike his testimony. The writers on the law of evidence go further and declare that in the common law courts, where the examination is conducted orally, the objection on the ground of interest, if known, *55 must iu general be taken before the witness is examined in chief, for otherwise the objection might be suppressed for the purpose of obtaining an uufair advantage. Formerly, indeed, it was considered necessary to raise the objection on the voir dire; and if once the witness is sworn in chief, he could not after-wards be objected to on the ground of interest. But this rule has been relaxed in modern times; and now it is allowable to make the objection after the witness is sworn in chief, but before the examination is commenced;'and where the interest is incidentally disclosed for the first time in the course of the trial the evidence may then be excluded. See 1 Starkie on Evidence 184; 1 Greenl. Evi., sec. 421. This last author (Greenleaf) says the rule iu equity is now the same as at law; and the principle applies with equal force to testimony given in a deposition in writing and to an oral examination in court.
Whether as a general rule the objection on the ground of interest must in the common law courts be made before the examination in chief, and whether the same rule prevails in equity, are questions not necessary now to be decided; and no opinion is intended to be given on that subject. It is sufficient for the purposes of this case to say, that when the party cross-examines upon the issues involved, with a knowledge of the interest of the witness, he will not be permitted afterwards to make the.objection. Having made the objection however in due season, he may then proceed to cross-examine without prejudice to his right to move to suppress the deposition at the hearing. Jacobs v. Laybom, 11 Mees. & Welsby R. 684; Moorhouse v. De Passon, 19 Ves. R. 432; Harrison v. Courtauld, 5 Eng. Ch. R. 428; Donelson v. Taylor, 8 Pick. R. 390; Graves v. Graves, 2 Paige R. 62, 3 Paige 240- *56 554; 1 Payne C. C. R. 400; 1 Phillip on Evidence 789.
It may be said that the rule here stated has no application to parties examined as witnesses. Under the former practice, in the chancery courts of this state, when a special commission was issued to take the deposition of a party, saving all just exceptions, the duty devolved on the court to take notice ex officio of objections to the competency of the witness arising from his interest in the event of the cause. And in such a case an appellate court will consider and decide upon the question of competency, although the deposition may have been read in the court below without objection. Such was the decision in Beverley v. Brooke & als., 2 Leigh 425. The court was of opinion there that the question would' have presented more difficulty had the deposition been taken under a general commission.
Whatever may have been the distinction formerly between parties and other witnesses, that distinction has been entirely abrogated by the statute, which declares that no witness shall be incompetent to testify because of interest; and in all actions, suits, and other proceedings of a civil nature, at law or in equity, the parties thereto shall, if otherwise competent to testify, and subject to the rules of evidence, and of practice applicable to other witnesses, be competent to give evidence. Code of 1878, page, 1109. Under this provision it is very clear the rule in respect to objections for incompetency on the ground of interest is equally applicable to parties examined as a witness as to those who are not parties. Eor these reasons I am of the opinion, if there was any valid objection to the testimony of Joseph W. Colbert, that objection has been waived, and he must now be treated as a competent witness.
*57 In the case of William S. Colbert, when his deposition was taken, the counsel of the plaintiff was present at the examination in chief; but did not cross-' examine. When the deposition was completed an exception was then taken for the first time to the testi.mony on the ground already stated. Whether this action constituted a waiver of the objection is a question already adverted to, not decided nor intended to be decided here. The case may be decided without reference to the evidence of William S. Colbert, and it is better perhaps so to decide it than to settle an important principle of practice upon a slight and cursory examination.
Having thus disposed of the question relating to the evidence, we are now to consider the merits of the controversy. And first as to the question of fraud: Is the deed of trust fraudulent? This involves an inquiry into the consideration of the two bonds secured by that deed. Upon this point it is only allowable to examine a few of the more prominent facts established by the evidence. It cannot be expected that this court is to exercise the functions of a commissioner in chancery, settle an account, and undertake to ascertain how far each item is sustained by the evidence. Our inquiry is with the charge of fraud: Is it established by the testimony ? And here it must be borne in mind that the law does not presume fraud. It is'not to be assumed on doubtful evidence, or circumstances of mere suspicion. The party alleging the fraud must clearly and distinctly prove it. The onus probandi is upon him to prove his case as charged in the bill. If the fraud is not strictly and clearly proved as it is alleged, although the party against whom relief is sought may not have been perfectly clear in his deal *58 ings, no relief can be had. Kerr on Fraud and Mistake 382-4.
Judge Staples here went into a critical examination of the evidence upon the question. The conclusion he arrived at was, that the testimony so far from establishing the existence of fraud, tended strongly to show that the bonds, which are the subject of controversy,, are founded upon a bona fide indebtedness from Martin to the Colberts.
Having concluded his review of the question of' fraud, Judge Staples then proceeded to consider the testimony in relation to the alleged notice. Hpon this branch of the case he also concurred with the chancellor, who pronounced the decree, that the notice is not satisfactorily or sufficiently proved.
The consideration of this subject involved a very careful and detailed examination of the testimony in all its aspects. The discussion however being one-purely of fact, and very extended, is omitted by the direction of Judge Staples. In conclusion he said :
These creditors were required by the plain terms of the statute to docket their judgments in order to preserve their liens. The whole tendency and spirit of modern legislation is to impose upon creditors and purchasers the duty of putting upon the record the evidences of their rights. It is the registration that is to be looked to as furnishing the notice. It is very true an exception is made in the case of a purchaser with notice. The reason is, he is deemed guilty of a fraud in taking a conveyance with knowledge of a better right in another. It is therefore held, that the notice in such cases must be very clearly proved. This is peculiarly so when the notice is sought to be established against the positive denials of the defen *59 dant; for the result is to convict the latter of perjury as well as fraud. Here the creditors have neglected a plain duty in failing to docket their judgments; they ■ seek to substitute in place of the record certain oral admissions alleged to have been made by the defendants years before, to be proved exclusively by the creditors themselves and their counsel. However high the source from which such evidence emanates— however incorruptible we may suppose some of the witnesses by which it is given—such evidence must, nevertheless, be received with the greatest caution. “Consisting as it does (evidence of mere verbal admissions) in the mere repetition of oral statements, it is subject to much imperfection and mistake; the party himself either being misinformed, or not having clearly expressed his own meaning, or the witness having misunderstood him. It frequently happens also that the witness, by unintentionally altering a few of the expressions really used, gives an effect to the statement completely at variance with what the party did say.” This is the language of a very accurate and learned author. 1 Greenleaf, sec. 200. And he is fully sustained by the most eminent writers and judges. See cases cited, and also 1 Starkie on Evidence, page 462. I repeat, this caution cannot be too strongly observed when the alleged notice is to be established upon the testimony of parties and counsel against the positive denials of the answers, and those answers strongly supported by independent evidence and corroborating circumstances.
The learned counsel for the appellant has pressed upon us the propriety and even necessity of an issue at least to be tried by a jury; and he has cited a number of the decisions of this court in support of that practice. The law upon this subject is too clear for *60 controversy. Its application to particular cases is the -great difficulty. The chancery court often directs an ■ issue where the evidence is so contradictory as to render an open cross-examination of the witnesses before a jury necessary and proper. . Hot unfrequently the evidence is so equally balanced on both sides it is difficult to say which scale preponderates; and in such case an issue is of advantage, and proper to satisfy the conscience of the chancellor. But it does not follow that an issue is necessary and proper in every case where the evidence happens to be conflicting. If this was the rule the chief time of the chancery courts would be occupied with trials before juries, or in considering their verdicts. The circuit courts and the judges of this court are constantly called upon to decide questions of fact upon testimony of a very conflicting character. In Nice v. Purcell, 1 Hen. & Mun. 372, it was held that a court of equity is not bound to direct an issue on the mere ground that the evidence is contradictory; but it may judge of the weight of evidence; and if its conscience is satisfied, decide without a jury.
The decision in Samuel v. Marshall & wife, 3 Leigh 614, is to the same effect. See also Wise v. Lamb, 9 Gratt. 294; 2 Daniel Ch. Pr. 1073.
As the issue is directed exclusively for the information of the court, if it is satisfied upon the evidence, there is of course no ground for the intervention of a jury.
In the case before us, so far as the question of fraud is concerned, the plaintiffs have utterly failed to prove it. In regard to the notice the case is not so free from difficulty. But the preponderance of facts and cireumstanees is with the defendants. As has been seen, the whole case turns upon the effect of certain admis *61 sions alleged to have been made by the defendants. In my judgment a court is as competent, and- perhaps more so, to decide upon the weight to be given to these admissions as any jury of twelve men to be selected according to the practice and mode of proceeding in trials by jury as now prevailing in the country.
My opinion is therefore to affirm the decree of the chancery court.
Moncure, P., and Christian, J., concurred in the opinion of Staples, J.
Anderson, J., was inclined to think it was a case for an issue; but after hearing the opinion of Staples, J., he could not dissent.
Decree aeeirmed.