Moncure, P.,
delivered the opinion of the court.
1. The court is of opinion that there, is a lien by way of implied trust on the tract of land in the county of Nelson on the south fork of Rockfish river, containing about eight hundred and fifty acres, included in the deed of trust dated the 22d day of November, 1858, by and between Jacob Warwick and wife of the first part, Henry Loving, Robert A. Coghill and N. F. Cabell, of the second part, and Daniel Warwick and James Warwick, of the third part, of which a copy- is filed as. “ Exhibit B” with the original bill in this case, for the security and payment of so much of the trust fund created by the will of William Massie, der ceased, of which a copy is filed as “ Exhibit C” with the said bill for the benefit of the said wife of said Jacob Warwick, who was a daughter of said William Massie, and her children, as was applied by the said Jacob Warwick, who was trustee under the said will for the benefit of his said wife and children, to the payment of that portion of the. debt secured by the' said deed for the security of which the said tract, of land was conveyed by said deed.' This fully-appéars from .the authorities. • on the subject cited by the *76 counsel for the appellant; among which are, 2 Story’s Eq. Juris. §§ 1210, 1211, and the cases cited in the notes thereto; 1 Leading Cases in Equity, 3d American from the 2d London edition, Dyer v. Dyer, top pages 266, 276, et seq., and cases, English and American, therein cited; Buckeridge v. Glasse, 1 Craig and Phillips, 18 Eng. Ch. R. p. 126; Bank U. S. v. Carrington, 7 Leigh 566; Heth, &c. v. Richm’d, Fred'g & Pot. R. R. Co., 4 Gratt. 482; Cook v. Tulles, 18 Wall. U. S. R. 332. See also Borst v. Nalle, 28 Gratt. 423, 434; Suavely v. Pickle, 29 Id. 27, 31.
2. The court is further of opinion that it sufficiently appears from the evidence in this cause that the sum of $2,900, received by the said Jacob Warwick on the 2d day of May, 1863, as trustee, for the benefit of his said wife and children, under the will of her father, the said William Massie, was, on the same day and year, applied by the said trustee to the payment of the said portion of the said debt secured by the said deed; in order to establish a lien therefor, by way of implied trust on the tract of land aforesaid.
3. The court is further of opinion that it does not sufficiently appear that any other portion of the said trust fund than the said sum of $2,900 was applied to the payment of the said portion of the said debt secured by the said deed, in order to establish a lien therefor, by way of implied trust or otherwise, on the tract of land aforesaid.
Jacob Warwick was an incompetent witness to prove that money received by him as trustee as aforesaid was applied to the payment of the said portion of the said debt, because his wife was interested in that question, and his evidence was excepted to on that ground by his creditors, who were parties to the suit. The cases relied on by the counsel for the appellees m support of this ground fully sustain it; among *77 which, are the following: Johnston & wife v. Slater & al., 11 Gratt. 321-323; William and Mary College v. Powell & al., 12 Id. 372, 382, 383; Steptoe v. Read, &c., 19 Id. 1, 12; Murphy’s adm’r & als. v. Carter & als., 23 Id. 477, 488; Hord’s adm’r v. Colbert & als., 28 Id. 49, 55. That his competency as a witness was not excepted to by them until four questions had been propounded to him on his examination in chief was no waiver of their right to make such exception. Hord’s adm’r v. Colbert & als., 28 Gratt. 49, supra; see also Neilson & als. v. Bowman & als., 29 Id. 782. The question, therefore, depends upon the other evidence in the case, independently of the testimony of the said Jacob Warwick;, and upon the said other evidence the opinion of the court upon the said question is as aforesaid.
4. The court is further of opinion that the circuit court did not err in refusing to scale the said sum of $2,900, as insisted by the judgment-lien creditors, and in holding that there is a lien on the said tract of land for that amount of good money in favor of the wife and children of the said Jacob Warwick as beneficiaries under the will of the said William Massie as aforesaid ; for, although the said sum .was received by the said Jacob Warwick on the 2d day of May, 1863, as trustee for the benefit of his said wife and children under the said will, in Confederate money at par, and was on the same day and year paid by him in the same depreciated currency on account and in part of the debt secured by the said deed of trust on the said tract of land, yet the said debt was due in good money, and as so much of it as was so paid was acquired by such payment, by way of implied tru§t, for the use of the said beneficiaries, a good money, and not a Confederate money, debt to that amount was thus acquired. Moreover, Jacob Warwick, as *78 trustee for his wife and children,'refused to receive Confederate money for the sale of her interest in the estate of her father, the said ’William Massie, until he ascertained that the same kind of money would he received in part payment of the debt for which the land of the said Jacob Warwick, including the said Bockfish tract, was bound by deed of trust ■ as aforesaid; and it'does not appear that he sold the said interest for more than its value in good money; though that fact is immaterial, as the money applied by him to the payment of his debt secured by the said deed of trust was worth to him the same amount in good money; and to the extent to which such payment was made out of the trust fund held by him for the benefit of his wife and children they are entitled to a lien on the said tract of land for the same amount of good money, by way of implied trust.
5. But the court is further of opinion that the circuit court erred in postponing the lien thus acquired in favor of the said wife and children to the four judgments obtained against the said trustee, Jacob Warwick, in his individual capacity, between the date of the said trust deed, or the time of its recordation, and the time of its redemption. Certainly the lien of the trust deed was prior in point of right as well as time to that of the said judgments as between the said trust-creditors and the said judgment-creditors. And to the extent to which the said lien of the trust-creditors was acquired, by way of implied trust, for the benefit of the said wife and children, its priority over that of the said judgment-creditors still continued. There was certainly nothing in the transaction which could impair the said lien in favor of the said wife and children or postpone' it to that of the said four judgments.
6. The court is further of opinion that the circuit *79 court erred in not extending the lien of the said deed of trust on the said Kockfish tract of land in favor of the said wife ' and children to interest on the §2,900 from the time of the application of the said sum to the payment of the trust debt, to-wit f the 2d day of May, 1863, instead of from the 12th day of September,' 1873. So much of the trust fund was on the former day applied by the trustee to the payment of so'much of the principal sum of §15,000, for the .security of which the Kockfish tract of land was bound by the said deed of trust. Why does not the lien of the said deed enure to the benefit'of' the said wife and children, as well for the security of interest on the said sum of §2,900 from the date of its applica- • tion aforesaid as for the security of the said principal sum itself ? The Kockfish tract of land is ample for the security of both, as well of the interest as the principal. Certainly, if the trustee, Jacob Warwick himself, were the only person besides the said beneficiaries interested in that question, the said tract of land would stand as a security for both. Who else can be interested therein ? It is not pretended that any other person has any such interest than the judgment creditors of the said Jacob Warwick, whose judgment liens were acquired before such application was made. But certainly those judgment’ liens bound only what belonged to the judgment debtor, and did not bind what was not his, whether at law or in equity. When those judgments were obtained the Kockfish land was bound at law for §15,000 by means of the deed of. trust aforesaid. Of course the lien of that deed on the said land was paramount to the said judgment liens thereon, which bound only the equity of redemption therein. Afterwards, to-wit: on the 2d of May, 1863, §2,900 of the principal of that prior lien was paid out of the' trust fund of the said wife and chil *80 dren in the hands of the said husband and trustee. Although the legal lien of the said deed of trust ceased to exist on the full payment of the amount secured thereby, yet to the extent to which such payment was made out of the • said trust fund, to-wit: $2,900, with interest from the time of such payment, an equitable lien was thereby immediately acquired for the benefit of the said wife and children on the said tract of land, which stands in the place of the said legal lien to that extent, and is just as paramount to the said judgment liens as was the legal lien of the said deed of trust. The judgment creditors are certainly not injured by this operation. Their liens were subject to a legal lien for $15,000. That legal lien was discharged by a payment on the 2d day of May, 1863, of $2,900 out of the trust fund held by Jacob "Warwick for the benefit of his wife and children, in addition to payment made out of his own individual funds. How can the judgment creditors be injured by an equitable lien of the said beneficiaries for the said sum of $2,900 with interest from the time of its application aforesaid, to-wit: the 2d day of May, 1863, wdien it is the only prior lien now standing in the place of the said legal lien for $15,000 ? a
It was agreed between Jacob and Daniel Warwick that payments might at any time be made, in part of the principal of the purchase money of the land in Amherst sold by the latter to the former, in advance of the period when such money would become payable by the terms of the bond, provided that such payments amounted to not less than $1,000 each. And at all events, such advance payments were made and received to the extent of the whole $15,000, for which the said Bockfish tract of land was bound by the said deed of trust, in part of which advance payments was the said sum of $2,900, paid on the 2d day of May, 1863, out *81 of the trust fund held by the said Jacob Warwick for his wife and children as aforesaid.
7. The court is therefore of opinion that so much the decree appealed from as is in conflict with the foregoing opinion is erroneous and ought to be reversed and annulled, and that the residue thereof is not erroneous and ought to be affirmed; and that the appellant, as the party substantially prevailing, recover against the appellees, the plaintiffs in the said four judgments, to-wit: Narcissa E. Dillard, J. N. Gordon & Son and J. L. Harris, her costs by her expended in the prosecution of her appeal in this case ; and the cause is remanded to the court below for further proceedings to be had therein in conformity with the foregoing opinion.
The decree was as follows :
■ 1. The court is of opinion, for reasons stated in writing and filed with the record, that there is a lien, by way of implied trust, on the tract of land in the county of Nelson, containing about eight hundred and fifty acres, called in the proceedings in this case “ the Eockfish tract of land,” included in the deed of trust ■dated the 22d day of November, 1858, of which a copy is filed as “ Exhibit B ” with the original bill in this case, for the security and payment of so much of the trust fund created by the will of William Massie, deceased, of which a copy is filed as “ Exhibit 0 ” with the said bill, for the benefit of the appellant, Ellen Warwick, who was a daughter of said William Mas;sie, and her children, as was applied by Jacob Warwick, who was trustee under the said will, for the benefit of his said wife and children, to the payment of that portion of the debt secured by the said deed, *82 foi’ the security of which the said tract of land was conveyed by said deed.
2. The court is further of opinion that it sufficiently appears from the evidence in this cause that the sum of $2,900 received by the said Jacob Warwick on the 2d day of Mhy, 1863, as trustee, for the benefit of his said wife and children, under the will of her father, the said William Massie, was, on the same day and year, applied by the said trustee to the payment of the said portion of the said debt secured by the said deed of trust, in order to establish a lien therefor, by way of implied trust, on the said tract of land.
3. The court is further of opinion that it does not sufficiently appear that any other portion of the said trust fund than the said sum of $2,900 was applied to the payment of the said portion of the said- debt secured by the said deed of trust, in order to establish a lien therefor, by way of implied trust or otherwise, on the tract of land aforesaid—the court being of opinion that the said Jacob Warwick was an incompetent witness to prove that money received by him as trustee as aforesaid was applied to the- payment of the said portion of the said debt because his wife was interested in that question, and his evidence was excepted to on that ground by his creditors who were parties to the suit, and did not waive the right to make such exception.
4. The court is further of o|)inion that the circuit court did not err in refusing to scale the’ said sum of $2,900, as insisted by the judgment-lien creditors, and in holding that there is a lien on the said tract of land for that amount of good money in favor of the said wife and children of the said Jacob Warwick as beneficiaries under the will of the said William Massie. '
5. But the court is further of opinion that the cir *83 cuit court erred in postponing the lien thus acquired in favor of the said wife and children to the four judgments obtained against the said trustee, Jacob "Warwick, in his individual capacity, between the date of the said trust deed, or the time of its recordation, and the time of its redemption, and in sustaining the first exception of the defendants, Uarcissa E. Dillard and M. O. Massie, to Commissioner Brown’s third report, so far as to give preference to the lien of the said four judgments, being the first four judgments mentioned in the said report, over the lien' acquired in favor of the said wife and children as aforesaid.
6. The court is further of opinion that the circuit court erred in not extending the lien of the said deed of trust on the said Suckfish tract of land in favor of the said wife and children to interest on the said $2,900 from the time of the application of the said sum to the payment of the trust debt, to-wit: the 2d day of May, 1863, instead of fi’om the 12th day of September, 1873.
7. The court is therefore of opinion that so much of the decreé appealed from as is in conflict with the foregoing opinion is erroneous; and it is decreed arid ordered that the same be reversed and annulled, and the residue thereof affirmed, and that the appellees, the plaintiffs in the said.,-four judgments, to-wit: Earcissa E. Dillard, J. if. Gordon & Son, and J.' L. Harris pay to the appellant, Ellen Warwick, by Henry Loving, her next friend, her costs expended in the prosecution s.q;f her appeal aforesaid here. And it is further decreed and ordered that’ the cause be remanded to the said' circuit court for further proceedings to be-had'therein-in conformity with the foregoing opinion and decree’; "which is ordered to be' certified to the-circuit court of Eelso'n county.-' • ;•
Decree reversed.