Moncure, P.,
delivered the opinion of the court.
The controversy in this case is among creditors of the same debtors having liens on the same real estate of such debtors, and is concerning the order of priority of said liens respectively among themselves.
The said real estate consists of several hundred acres of land situate in the county of Rockingham, which was owned by the said debtors, to wit: 8. A. Coffman and M. D. Coffman.
The said creditors claiming on the one side are, the appellant James W. Morrison, who claims a lien on the said real estate under a deed of trust dated the 16 th day of September, 1870, and duly recorded on the same day in the clerk’s office of the county court of said county, between the saidS. A. Coffman and Fannie M. his wife, and the said M. D. Coffman, of the one part, and A. M. Newman and N. K. Trout, of the other part, whereby the said real estate was conveyed by the former to the latter in trust to secure the payment of a debt of twelve thousand dollars and interest thereon, due to the said Morrison and to be paid as mentioned in the said deed; and the appellees, Jacob N. Liggett and John T, Harris, who claim a lien on the said real estate under a deed of trust dated the 19th day of February, 1871, and duly recorded about the same time in the same clerk’s office, between the grantors aforesaid, of the one part, and the said Liggett and Harris, of the other part, whereby the said real estate was conveyed by the former to the latter (subject to the deed of trust aforesaid), in trust to secure all creditors, sureties and endorsers of said grantors as mentioned in said last mentioned deed of trust.
Arid the said creditors claiming on the other side in the said controversy in this case are, the appellees Bau *228 semer ^ ^o., w^° claim a lieD on the said real estate under and by virtue of a judgment of the circuit court of said in their favor as plaintiffs against Washington Swink and S. A. Coffman, M. D. Coffman and J. N. Bruffy, late partners in trade under the firm of Coffman & Bruffy, rendered at the October term 1868 of said court, on which judgment a writ of fieri facias was issued on the 22d day of August, 1877, and returned “no property,” September 3d, 1877.
The said judgment appears to have been never docketed in the said county of Rockingham.
If, therefore, the controversy in this case depended merely upon the rendition of the judgment without being afterwards docketed on the one side, and the executor of the deeds of trust afterwards duly recorded as aforesaid on the other, there could be no ground for controversy and no doubt about the priority of the lien under said trust deeds and each of them over the lien of the said judgment creditors on the said real estate in Rockingham county.
But the said judgment creditors contend that the said creditors claiming as purchasers under the said deeds of trust respectively, or rather under the said deed to A. M. Newman and N. K. Trout as trustees, were purchasers of the real estate thereby conveyed with notice of the judgment aforesaid, and that therefore their purchase was subject to a lien of the said judgment on the said real estate just as it would have been if the said judgment had been duly docketed in the clerk’s office of the county court of said county. The Code declaring that “no judgment shall be a lien on real estate as against a purchaser for valuable consideration without notice, unless it be docketed,” &c.; thus implying that a judgment shall be a lien on real estate as against a purchaser thereof for valuable consideration, if he made the purchase with notice of such judgment, although the same was not so docketed.
It is not pretended that the said creditor, claiming under *229 the said deed of trust to Newman and Trout, trustees, had himself at the time of the execution of said deed, or at any other time, personal notice or knowledge of the ence of the said judgment.
But it is contended by the counsel of the said judgment creditors, the said appellees, Bausemer & Co., that the said trustee, Newman, had such notice at that time, and that notice to him was, in legal effect, notice to the creditor secured by the said deed of trust.
It may, perhaps, be conceded, and will be for the purposes of this case, that notice to the trustees, or one of them, at the time of the execution of the deed of trust, was, in legal effect, notice to the creditor thereby secured, and that though such notice was received a year or more or any time before the execution of said deed, yet, if it was actually remembered by such trustee at the time of the execution of said deed, it will effect such creditor just as if it had been so received and was so remembered by him.
It is very clear, however, that if a trustee in a deed of trust to secure a debt have notice or knowledge of the existence of a judgment against the grantor in the deed of trust at a time anterior to the execution of the deed of trust, but have no remembrance of such existence at the time of such execution, the trust creditor will not be at all affected by such anterior notice or knowledge on the part of such trustee.
Now in this case, it appears that the trustee, Newman, about a year before the execution of the said deed of trust to him and Trout, had notice or knowledge of the existence of the said judgment. He was then writing in the clerk’s office of the court in which said judgment was rendered, and as deputy or assistant of said clerk made a copy of said judgment, signing the clerk’s name thereto; which copy was wanted by the judgment creditors for the purpose of having the same registered in the- county of Augusta, in which it is believed that Washington Swink, the *230 Pr*nc’Pa^ debtor in the said judgment, owned some real estate. It does not appear that the said Newman ever saw heard of the said judgment or copy after he made the latter.
Is it to be presumed from the mere fact that the said Newnmn, as deputy or assistant clerk, made the copy as aforesaid about a year before the execution of the deed of trust, remembered the said, judgmeut at the time of the execution of said deed ?
There is no evidence in the case that he did so remember the said fact at the time of the execution of said deed but the occurrence of the fact itself at the time it occurred.
The said Newman was examined as a witness in the case by the appellant, and his evidence strongly tends to show, that at the time of the execution of the said deed of trust he had no recollection of the said fact. Being asked on his examination by the appellants: “ State whether or not in the fall of 1870, September, the date of the said deed of trust, you had any knowledge or recollection of the Bausemer judgment, a copy of which marked ‘W. G. B.’ is filed with the deposition of Wm. A. Burnett?” he answered: “At this time I can’t say that I had any recollection one way or the other about it at that time.” Being further asked : “State whether or not any liens upon the land conveyed by the deed of trust were taken up with the $12,000 secured in the deed of trust to J. W. Morrison?” he answered : “There were.” And: “Stateif you know why the two liens reported in report of October 3d, 1872, the one in favor of L. Sangster & Co., and the other in favor of Geo. H. Koontz, guardian, were not paid off?” he answered: “The lien 'in favor of L. Sangster & Co. was yet then in controyersy in the court of appeals, and it was agreed between D. S. A. Coffman and J. W. Morrison, that it should not be paid out of those $12,000. The judgment in favor of Geo. H. Koontz, guardian, had been rendered in the circuit court of Shenandoah county *231 in August, 1870, and we had no knowledge of it at that ^ ’ ’ ° time?” And: “ Was there or not at the time that the $12,000 was disbursed in the payment of liens upon property conveyed in the trust any other lien which had priority over the deed of trust that you knew of? ” he answered : “It was our purpose to discharge all the liens that we knew of with the $12,000, except that of Sangster & Co.” And being asked, on cross-examination, among other things, by the appellees Bausemer & Co., “ What position was held by you from 1869 to May 11th, 1870?” he answered : “ I was writing in the olerkVofiice of the circuit court of Rockingham from July, 1869, to May, 1870, is my recollection now, for A. L. Lindsay, clerk of the court. I did nearly all the writing; he did very little.”
And J. R. Jones, a commissioner in chancery, was also examined as a witness in the ease by the appellees Bausemer & Co., and his evidence tends to show the same fact. Being asked on cross-examination, “ Could you undertake to recollect or give the details of one in a hundred abstracts of judgments that have been before you in the various matters of account which have been before you since August 2d, 1875 ? ” he answered : “ A very large proportion I would not recollect; I would recollect very few unless my attention was specially called to them, as was the case here; I recollect this because my attention was especially called to it—to this abstract W. G. B.”
Now let us look at the authorities referred to in the argument of this case and see if, according to them, the pleadings and the proofs in the case show that the appellant, by the deed of trust in his favor aforesaid, became a purchaser of the land thereby conveyed with notice of the judgment which had previously been obtained as aforesaid, by the appellees, Bausemer & Co. against Swink and Coffmans and Bruffy. Le Neve v. Le Neve, Leading Cases in Equity, edition of 1877, vol. II, part I, pp. 109, 227 and notes, English and American. Minor’s Institutes, edition of *232 1877, vol. II, pp. 887, 890, the cases there cited: The Distilled Spirits, 11 Wall. U. S. R. p. 356 ; Hord’s adm’r Colbert & als., 28 Gratt. 49; Shurtz & als. v. Johnson als., Id. 657; Nash v. Nash & als., Id. 686.
Without repeating in detail the substance of what is shown by the said authorities, it clearly appears from them that, according to the pleadings and proofs in this case, the appellant, claiming a lien on the said land in Rockingham county under the deed of trust in his favor as aforesaid, cannot be regarded as a purchaser of the said land with notice of any lien thereon by reason of the judgment aforesaid in favor of the appellees, Bausemer & Co., or with any notice of the said judgment, actual or constructive. The authorities referred to clearly show that if an agent, before the commencement of his agency, receive notice of an unrecorded lien on real estate of which his principal afterwards becomes a purchaser, such notice of the agent will not be imputable to the principal, unless there be very strong evidence that at the time of the purchase the agent remembered the fact that he had received such notice. Certainly there is no such evidence in this case, but the contrary.
The court is therefore of opinion that the decree appealed from, to wit: the decree of the 24th day of June, 1878, is erroneous, in decreeing that the judgment in favor of W. G. Bausemer & Co. against Washington Swink and Coffmans and Bruffy, in said decree mentioned, “is a lien upon the land in the bill and proceedings mentioned, having priority over the deed of trust to Newman and Trout, trustees, in which J. W. Morrison is secured, and said judgment must be first satisfied out of the proceeds of the land sold under decree in this cause after the payment of the two liens stated in Commissioner Newman’s report of the 13th of October, 1872, as having priority over the Morrison deed of trust,” and that the said decree ought to be reversed and annulled, and the cause be remanded to *233 the said circuit court for further proceedings to be had therein to a final decree, in conformity with the foregoing opinion.
The decree was as follows:
Upon appeal from and supersedeas to a decree of the circuit court of Rockingham county, pronounced on the 24th day of June, 1878, in a chancery cause then therein depending, in which the Baltimore Agricultural Aid Society was plaintiff and Samuel A. Coffman and others were defendants.
This day came again the parties, by their counsel, and the court, having maturely considered the transcript of the record of the decree aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that, according to the pleadings and proofs in this cause, the appellant, claiming a lien on the lands in Rockingham county under the deed of trust in his favor in the proceedings mentioned, cannot be regarded as a purchaser of said land, with notice of any lien thereon, by reason of the judgment in favor of the appellees, Bausemer & Co., in the said proceedings mentioned, or with any notice of the said judgment, actual or constructive; that the legal authorities bearing upon the case clearly show that if any agent, before the commencement of his agency, receive notice of an unrecorded lien on real estate of which his principal afterwards becomes a purchaser, such notice of the agent will not be imputable to the principal, unless there be very strong evidence that at the time of the purchase the agent remembered the fact that he had received such notice; that there is certainly no such evidence in this cause, but the contrary; and that the decree appealed from, to wit: the decree of the 24th day of June, 1878, is erroneous in decreeing that the judgment in favor of W. G. Bausemer & Co. against Wash *234 ington Swink and Coffmans and Bruffy, in said decree mentioned, “is a lien upon the land in the bill and proceedings mentioned, having priority over the deed of trust to Newman and Trout, trustees, in which J. W. Morrison is secured, and said judgment must be first satisfied out of the proceeds of the lands sold under decree in the cause after the payment of the two liens stated in Commissioner Newman’s report of the 13th of October, 1872, as having priority over the Morrison deed of trust.
Therefore, it is decreed and ordered that the said decree be reversed and annulled, and that the said appellees, Bausemer & Co., pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here.
And it is ordered that the cause be remanded to the said circuit court for further proceedings to be had therein to a final decree, in conformity with the foregoing opinion.
Which is ordered to be certified to the said circuit court of Rockingham county.
Decree reversed.